## Richmond.

### Lewis v. The Commonwealth.

April 24, 1884.

1. CRIMINAL JURISDICTION—*Murder—Malice.*—Malice is presumed from the fact of killing unaccompanied with circumstances of extenuation; and the burden of disproving malice is upon the accused.

2. IDEM—*Idem—Intent.*—Every man is presumed to intend the natural and probable consequences of his own acts.

3. IDEM—*Idem—Justification.*—The necessity relied on to justify the killing must not arise out of the prisoner's own misconduct.

4. IDEM—*Idem—Evidence of threats.*—Threats by deceased to prisoner, directly or through others, are admissible to determine whether the accused had at the time of the killing reasonable ground to apprehend serious bodily harm.

5. IDEM—*Instructions.*—Case at bar affords instance of instructions to jury after retirement to consider verdict.

Error to judgment of circuit court of Southampton county, rendered November 10, 1883, upon the verdict of the jury which found Salathiel Lewis, the plaintiff in error, guilty of murder in the second degree, and ascertained his term of imprisonment in the penitentiary at seventeen years, for the killing of John M. Newsome on the 21st day of May, 1883.

The opinion states the case.

*Geo. D. Wise* and *C. H. Causey,* for the plaintiff in error.

*Attorney-General F. S. Blair,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

Upon the trial of the cause, after all the evidence on the part of the Commonwealth, as well as of the accused, had been introduced and heard by the jury, the attorney for the Commonwealth asked and obtained from the court the following instructions—viz: ·

First. The court instructs the jury that, on a charge of murder, malice is presumed from the fact of killing, unaccompanied with circumstances of extenuation; and the burden of disproving the malice is thrown upon the accused.

Second. That every man is presumed to intend the natural and probable consequences of his own acts.

Third. That on a trial for murder the necessity relied on to justify the killing must not arise out of the prisoner's own misconduct.

Fourth. The court instructs the jury that evidence of threats made by the deceased against the prisoner are to be received by them with great caution; and although such threats may be proved to have been made, it must be shown to the satisfaction of the jury that they were communicated to the prisoner prior to the killing, before they can be considered as affording any justification of the homicide.

To each and all of which said instructions the accused, by his counsel, excepted, and moved the court to reject them; which motion the court overruled. We think the court did not err in giving the said instructions. They are plainly right in law, and adapted to the evidence in the cause.

The first instruction left to the jury the consideration of all and every circumstance of extenuation proven or offered for the accused in the evidence in the case, and all of the circumstances attending the homicide. *Hill's Case*, 2 Gratt. 599; *Willis' Case*, 32 Gratt. 932; *Wright's Case*, 75 Va.

Rep., 914; Roscoe's Crim. Ev. 707, top, 5th Amer. Ed.; Russell on Crimes, 483; 9th Metcalf, 93; 3 Gray, 463; *Penn v. Bell,* 1 Amer. Decis. 298; Davis' Crim. Law, 99.

The third instruction is fully supported by *Vaiden's Case,* 12 Gratt. 717.

The second and fourth instruction of the series given are not complained of, and they are plainly right.

But the record shows that after the attorney for the Commonwealth had made his opening argument to the jury, and the prisoner's counsel had concluded their argument, and in the closing argument of the attorney for the Commonwealth, he commented on the fourth instruction, and argued to the jury and maintained that the threats alluded to by the court, in its fourth instruction, were threats made to others, and by them communicated to the prisoner, and not to the threats made directly to the prisoner by the deceased; and that in the consideration of said fourth instruction, such last mentioned threats should not be considered. In this connection the attorney for the Commonwealth was interrupted by the counsel for the accused, and the court was asked to declare the meaning of the said fourth instruction, in this disputed particular, and to say to the jury, that in the consideration of the said fourth instruction they were to embrace all threats, whether made to others and communicated to the prisoner, or made to the prisoner directly. But the court directed that the attorney for the Commonwealth should not then be interrupted, and that the argument should be proceeded with; and thereupon the attorney for the Commonwealth continued and concluded the argument, and the jury was taken from the court room to consider of their verdict; and while the jury was out the counsel for the accused asked the court to give the following instructions, viz:

First. The court instructs the jury that the threats made by the deceased prior to the day of killing—as well as those

made to the prisoner in person as those made to others and communicated to the prisoner—are to be considered by them in the determination of the question as to whether the accused had, at the time of the killing, a reasonable ground to apprehend that the deceased intended to do him (the prisoner) serious bodily harm.

Second. The court instructs the jury that threats against the accused made by the deceased and communicated to the accused, or known to the accused, because made to him, are received and are to be considered to explain the defendant's motives, when the question of self-defence comes up; "and when admitted are deemed of peculiar weight as tending to show that danger was imminent to the defendant's apprehension"; but the court refused to give the said instructions, and to the opinion of the court in rejecting them the prisoner, by his counsel, excepted.

We are of opinion that the exception is well taken, and that the court erred in not giving the first instruction asked by the counsel for the prisoner. The court had admitted, as proper evidence, the threats made directly to the prisoner by the deceased, and there is nothing in the instruction to exclude them from the consideration of the jury. The point had been raised upon this instruction given by the court, by the Commonwealth's attorney, in the closing argument, when there was no opportunity for reply, and the prisoner had the right then and there to have the desired explanation; and the court should have told the jury the meaning of the fourth instruction during the closing argument, and while the wrong impression was being made; and having refused or failed to do this, it should have given the first instruction asked for by the counsel for the prisoner.

The second instruction asked for by the counsel for the prisoner, as beforesaid, is confused and calculated to mislead the jury; and it was properly refused by the court.

For the foregoing reasons we are of opinion that there is error in the judgment of the circuit court of Southampton complained of, for which it must be reversed and annulled, and the case be remanded to said court for a new trial, in accordance with the views herein expressed.

JUDGMENT REVERSED.