Statement.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### DRIVER v. HARTMAN.

DECEMBER 6, 1898.

Absent, Riely and Cardwell, JJ.

1. APPEAL AND ERROR—*Exclusion of Evidence by Trial Court—Bill of Exceptions—What must be Shown.*—The action of a trial court in refusing to allow a witness to answer certain questions will not be considered by this court, unless the bill of exception shows what the exceptor expected or proposed to prove by the witness.

This was an application for a writ of error to a judgment of the Circuit Court of Rockingham county rendered at the October term, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

The action was brought to recover damages for the alleged seduction of the daughter of the defendant in error by the plaintiff in error. The writ of error was refused, as stated in the opinion, chiefly for the reason that the bills of exception did not set forth what the defendant expected to prove by the witnesses. Two bills of exception were taken to the action of the court in refusing to permit questions to be answered. These bills of exception were as follows :

### " *First Bill of Exception.*

" Be it remembered that upon the trial of this cause after the plaintiff, to maintain the issue on his part, had introduced his evidence in chief, and the defendant had examined certain witnesses as shown by the third bill of exceptions in this cause

which is made a part of this bill of exception, the defendant called as a witness in his behalf, Rev. C. R. Cruikshanks, to whom he propounded, through his counsel, the following question, namely:

" ' State whether or not you had any conversation with Mr. J. H. Hartman, the plaintiff in this cause, soon after the birth of Cora's child in relation to where the intercourse occurred, in which Hartman stated that his daughter told him where the intercourse first occurred ? '

" To the propounding of which question the plaintiff, by his counsel, objected, and the said objection being sustained by the court, and the witness not being allowed to answer the question, the defendant by his counsel excepted to the ruling of the court, and tendered this his first bill of exception, which he prayed may be signed, sealed, and enrolled, and made a part of the record, which is accordingly done."

### Second Bill of Exception.

" Be it remembered, that upon the trial of this cause, after the plaintiff, to maintain the issue on his part, had introduced his evidence in chief, and the defendant had examined certain witnesses, as shown by the third bill of exceptions in this cause, and which is made a part of this bill of exception, the defendant called as a witness in his behalf Mr. David C. Hoover, to whom he propounded, through his counsel, the following question, namely:

" ' State whether or not you had another conversation with the plaintiff, J. H. Hartman, the next day after the birth of his daughter Cora's child, and after the eight o'clock conversation, and if so state what he said, if anything, about the paternity of the child ? '

" To the propounding of which question the plaintiff, by his counsel, objected, and the said objection being sustained by the court, and the witness not being allowed to answer the question, the defendant, by his counsel, excepted to the ruling of

the court, and tendered this his second bill of exception, which he prays may be signed, sealed, and enrolled, and made a part of the record, which is accordingly done."

*O. B. Roller & Martz,* and *Winfield Liggett,* for the plaintiff in error.

Opinion by the court.

Under the rule applicable in the consideration of this case the verdict of the jury cannot be disturbed. Code, sec. 3484.

The first and second assignments of error touching the action of the court in refusing to allow witnesses to answer certain questions cannot be considered, because the bills of exception do not show what the defendant expected or proposed to prove by either witness. *Union Central Life Ins. Co.* v. *Pollard,* 94 Va. 146.

For these reasons the writ of error cannot be awarded.

*Writ of error refused.*