COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Bumgardner and Frank
Argued at Alexandria, Virginia


ANTHONY SYLVESTER GAINES

MEMORANDUM OPINION[*] BY
v.    Record No. 0189-99-2          JUDGE ROBERT P. FRANK
                                       AUGUST 15, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

S. Jane Chittom, Appellate Counsel (Elwood
Earl Sanders, Jr.; Public Defender
Commission, on briefs), for appellant.

Stephen R. McCullough, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Anthony S. Gaines (appellant) appeals his convictions for

malicious wounding and use of a firearm in a malicious wounding

after a bench trial.  On appeal, he contends the trial court erred

in:  1) finding his hotel bill inadmissible; 2) failing to give

probative weight to documents tending to prove his whereabouts at

the time of the offenses; 3) prohibiting him from cross-examining

a witness for the Commonwealth regarding promises of favorable

treatment from law enforcement agents other than the

Commonwealth's Attorney; and 4) finding the evidence sufficient to

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

support the convictions.  We disagree and affirm the judgment of the trial court.

## I.  BACKGROUND

On April 20, 1998, George Stevens, Jr., suffered multiple gunshot wounds during a drug transaction.  Stevens identified the two men who shot him as appellant and Edward Perry.  Stevens identified Perry during a May 18, 1998 photo spread administered by Detective Max Matco of the Richmond Police Department.  Stevens identified appellant during a second photo spread administered by Matco on June 8, 1998.  Appellant identified both men during his trial testimony.

Stevens testified that he walked into an alley to discuss a drug deal with Perry, while appellant remained in the car in which they had been riding.  While in the alley, Stevens expressed his unhappiness with the proposed deal and tried to withdraw from the transaction.  Perry reached for his gun, and he and Stevens struggled.  Perry shouted to appellant for assistance.  Stevens testified he saw appellant, who then was standing on the street, raise his gun.  Stevens, who was still grappling with Perry, tried to maneuver himself so that Perry would be between him and appellant.  Before Stevens could do so, appellant fired the gun, and Stevens was hit in the back and shoulder area.  Stevens was able to break away from Perry, but as he ran, he was shot multiple times by a gun fired by Perry.

-

Stevens then ran approximately a block, and appellant and Perry arrived in the car and fired additional shots at him.

Appellant testified that he was in Atlanta, Georgia, on April 20, 1998, the day of the shooting, with his friend, Orlando Lightfoot. He stated he did not return to Richmond until April 23, 1998, because Lightfoot's car broke down in Atlanta. Lightfoot offered supporting testimony for appellant's account. Appellant introduced Lightfoot's car repair bill from a repair shop in Georgia. The trial court received the bill into evidence, stating it was not received for the "truth of any written word on [it]," including the fact that the bill was produced in Atlanta. Appellant also tried to introduce a copy of a hotel bill from Georgia, but the trial judge ruled the evidence inadmissible on the basis that it was hearsay. Appellant did not offer argument as to why the bill was not hearsay or why the bill should be introduced under an exception to the hearsay rule.

Appellant's girlfriend, Tyra Johnson, testified that she spoke by telephone with appellant in Atlanta each day from April 19 to April 22. Appellant introduced Johnson's phone bill into evidence, which showed calls from her residence were made to Atlanta on those dates. Appellant's mother, Patricia Thomas, testified she wired $50 to her son in Atlanta on April 22, and the money gram showing the transfer was admitted into evidence.

-

During cross-examination of Stevens, counsel for appellant attempted to ask Stevens if he was on the "payroll" of any law enforcement agencies. The trial judge clarified the question by asking, "Some plea agreement for a pending offense?" The prosecutor then indicated that Stevens did not have any such agreement in the City of Richmond. When counsel for appellant stated there were other prosecutors in the state, the trial judge ruled that the "only type of agreement that would be relative to motive would be some deal made with this Commonwealth's Attorney's office where his sentence in a pending offense would be lessened or impaired or reduced based on his testimony." After the trial judge's ruling, counsel for appellant returned to the cross-examination of Stevens on an unrelated topic.

## II.  ANALYSIS

On appeal, appellant contends the trial court erred in: 1) finding his hotel bill inadmissible; 2) failing to give probative weight to documents tending to prove his whereabouts at the time of the offenses; 3) prohibiting him from cross-examining a witness for the Commonwealth regarding promises of favorable treatment from law enforcement agents other than the Commonwealth's Attorney; and 4) finding the evidence sufficient to support the convictions. We disagree and affirm the judgment of the trial court.

-

## A.  The hotel bill

Appellant attempted to introduce into evidence a copy of a bill from a hotel in Atlanta.  The trial court did not admit the bill into evidence, ruling that the bill was hearsay.  Appellant objected to the court's ruling, but he did not offer argument as to why the bill was not hearsay or why the bill satisfied an exception to the hearsay rule.

In order for a ruling to be considered as a basis for reversal, the objection to the ruling must be "stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.

"The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials."  Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (citing Campbell v. Commonwealth, 12 Va. App. 476, 477, 405 S.E.2d 1, 2 (1991) (en banc)).

Appellant did not argue at trial that the bill was not hearsay or that the bill satisfied an exception to the hearsay rule.  Instead, appellant argued the bill satisfied the best

-

evidence rule.[1]  When specifically asked by the trial judge to address the hearsay objection, trial counsel stated, "I know he's not the custodian of the records, but, I mean, it's a receipt but it's a copy of a receipt."  Trial counsel did not offer grounds for his objection to the trial judge's ruling as required by Rule 5A:18.  On appeal, appellant does not argue the "good cause" or "ends of justice" exceptions contained in Rule 5A:18 apply.  We hold, therefore, that appellant is procedurally barred from raising this issue on appeal pursuant to Rule 5A:18.

B.  Probative value of documents showing appellant was in Georgia

Appellant offered Orlando Lightfoot's car repair bill and Tyra Johnson's telephone bill to corroborate Lightfoot's and Johnson's testimony that appellant was in Atlanta at the time the shooting occurred.

"The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder."  Welshman v. Commonwealth, 28 Va. App. 20, 36, 502 S.E.2d 122, 130 (1998) (en banc) (citing Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989)).

---

[1] The best evidence rule applies to the admissibility of the contents of a writing.  In essence, the rule requires that "'the writing itself be produced or, its absence sufficiently accounted for before other evidence of its contents can be admitted.'"  Charles E. Friend, The Law of Evidence In Virginia § 16-1, at 549 (5th ed. 1999).

-

In this case, the trial judge was entitled to assess the credibility of Lightfoot and Johnson and, thereby, accept or reject their testimony that appellant was in Atlanta on the date of the shooting. The trial judge rejected their testimony, and, therefore, chose to give no weight to the exhibits offered in support of their testimony.

C. Limitation of cross-examination regarding favorable treatment[2]

Appellant argues that the trial court improperly limited his cross-examination of Stevens regarding Stevens' favorable treatment by law enforcement officers other than the Commonwealth's Attorney for the City of Richmond. Once the trial judge ruled that the only relevant agreement would be one with the Commonwealth's Attorney for the City of Richmond, counsel for appellant returned to the cross-examination of Stevens on an unrelated topic.

> [W]henever "a question is asked and the witness is not permitted to answer it," the proponent of the evidence must make a proffer of the expected answer in order to preserve the issue for appeal. Jackson v. Commonwealth, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900). This procedure must be followed because "an appellate court has no basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977).

---

[2] On brief, appellant also argues that the trial court improperly limited appellant's cross-examination of Stevens regarding prior unadjudicated bad acts. This issue, however, was not contained in appellant's Questions Presented, as required by Rule 5A:20(c), and, therefore, will not be addressed by this Court.

-

Gosling v. Commonwealth, 14 Va. App. 158, 167-68, 415 S.E.2d 870, 875 (1992).  Furthermore, it is "incumbent upon the defendant to make the record show the expected answer."  Owens v. Commonwealth, 147 Va. 624, 630, 136 S.E. 765, 767 (1927).

In this case, appellant did not proffer Stevens' expected answer, and, therefore, we do not reach the merits of this assignment of error because appellant did not properly preserve the issue for consideration on appeal.

## D.  Sufficiency of the evidence

Appellant asserts the evidence was insufficient to support his convictions.

> Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that it is plainly wrong or without evidence to support it.  See Stevens v. Commonwealth, 14 Va. App. 238, 240, 415 S.E.2d 881, 882-83 (1992).

Conrad v. Commonwealth, 31 Va. App. 113, 116-17, 521 S.E.2d 321, 323 (1999).  "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is

-

presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

In this case, the Commonwealth's evidence showed appellant was one of the two men who shot Stevens. Appellant presented evidence that he was in Atlanta on the date of the shooting, and, therefore, could not have committed the subject offenses. It was within the province of the trial judge, as trier of fact, to reject or accept the evidence presented by the Commonwealth and appellant. The trial judge believed the Commonwealth's evidence that appellant was one of the men involved in the shooting and rejected appellant's evidence that he was in Atlanta. On appeal, we will not disturb that finding because it is not plainly wrong or without evidence to support it.

For these reasons, we affirm the judgment of the trial court.

Affirmed.

-