COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and Humphreys
Argued by teleconference


ALHASANE A. SOUMAH

MEMORANDUM OPINION[*] BY
v.   Record No. 2821-00-4      JUDGE ROSEMARIE ANNUNZIATA
                                    FEBRUARY 19, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N. A. Kendrick, Judge

Cary S. Greenberg (Stephen A. Coren, on brief),
for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Randolph A. Beales, Acting Attorney
General, on brief), for appellee.


Alhasane A. Soumah appeals his conviction for malicious

wounding in violation of Code § 18.2-51 and abduction in violation

of Code § 18.2-47.1 on the ground that the trial court improperly

excluded impeachment evidence. For the reasons that follow, we

affirm the convictions.

On appeal, we view the evidence and all reasonable inferences

that may be drawn therefrom in the light most favorable to the

Commonwealth, the party prevailing below. Winckler v.

Commonwealth, 32 Va. App. 836, 844, 531 S.E.2d 45, 49 (2000).

Because the parties are fully conversant with the record, this

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

memorandum opinion recites only those facts necessary to a disposition of the appeal.

The record reveals that Soumah repeatedly attempted to question his witness, Abraham Soumah, about his opinion of the victim's truthfulness or untruthfulness. The Commonwealth objected to each attempt, the trial court sustained each objection, and the witness was dismissed.

Defense counsel requested leave to recall the witness and again attempted to elicit testimony about the victim's truthfulness. After establishing that the witness knew the victim for five or six years, that she dated one of his basketball friends for a year, and that they were both friends with several of the basketball players outside the games they attended, defense counsel asked the witness the following questions:

> Q. Now, among those friends that you're talking about, does Ms. Souder have a reputation for truthfulness or untruthfulness among those friends?
>
> [THE PROSECUTOR]: Objection.
>
> THE COURT: Sustained.
>
> Q. Are you aware whether or not she has a reputation in her community of friends for truthfulness or untruthfulness?
>
> [THE PROSECUTOR]: Objection.
>
> THE COURT: Sustained.

-

There is no proffer of the excluded testimony in the record.[1]
After the jury retired, the trial judge explained that the correct
way to elicit reputation evidence is to first "ask the witness if
the witness knows people in the community where the defendant
lives or works and, if the answer is yes, then the next question
is . . . what is the victim's reputation among those people for
truth and veracity . . . ."

On appeal, defendant contends that the trial court committed
reversible error when it sustained the Commonwealth's objections to
the questions he posed to Soumah.  Although we note that the trial
court erred in sustaining the Commonwealth's objections to
defendant's initial question,[2] without a proffer of the testimony in

---

[1] Defendant contends that his Memorandum of Points and
Authorities in support of his Motion to Set Aside the Verdict
contains a proper proffer.  However, because the jurisdiction of
the trial court expired before defendant filed his memorandum, it
is not part of the record on appeal, and we cannot consider it.
See Anderson v. Mossy Creek Woolen Mills Co., 100 Va. 420, 425, 41
S.E. 854, 856 (1902) (finding that bond for goods was not before
the trial court and therefore could not be considered on appeal
because it "was filed with the papers of the cause, without
authority, after the adjournment of the term at which the decree
appealed from was entered"); see also Robertson v. Commonwealth,
181 Va. 520, 537-38, 25 S.E.2d 352, 359 (1943); Bank of Bristol v.
Ashworth, 122 Va. 170, 174-75, 94 S.E. 469, 469 (1917).

[2] In Bradley v. Commonwealth, the Supreme Court enunciated
"[t]he proper mode" of questioning an impeachment witness:

> [The attorney should] inquire whether [the
> witness] knows the general reputation of the
> person in question among his neighbors and
> acquaintances; and when this question is
> answered in the affirmative he may state
> whether that reputation is good or bad.

-

the record, we cannot determine whether relevant evidence was improperly excluded. See O'Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505 (1988) (declining to find reversible error by speculating what the witness would have answered had the trial court permitted the testimony, where the defendant did not proffer the expected testimony); Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 82 (1977) (finding reversible error where proffer demonstrated that excluded testimony was crucial to appellant's defense); Jackson v. Commonwealth, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900) (declining to reverse conviction because defendant did not proffer the excluded evidence and thus failed to establish its materiality). Therefore, we affirm Soumah's convictions.

Affirmed.

---

196 Va. 1126, 1133, 86 S.E.2d 828, 832-33 (1955). In this case, defense counsel first asked the witness whether he shared a community of friends with the victim and, therefore, began the "proper mode of examining the witness." See id. Counsel next asked whether the witness was aware of the victim's reputation. The trial court, however, improperly sustained an objection to this subsequent question.

-