# Staunton.

## THE CHAIRMAN OF THE HIGHWAY COMMISSION OF VIRGINIA v. G. E. FLETCHER.

September 19, 1929.

Absent, West, J.

44

The opinion states the case.

*Williams & Farrier*, for the plaintiff in error.

*Henson & Henson*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

Plaintiff in error is here complaining of a final judgment against him as chairman of the Highway Commission, by the Circuit Court of Giles county, on the 14th day of December, 1927, in favor of G. E. Fletcher.

It is an admitted fact that after the highway had been located and the necessary right of way surveyed and laid out through the land of Fletcher, and before beginning the construction thereof, plaintiff in error paid into court a sum of money which he deemed to be such an amount as the defendant was justly and fairly entitled to by way of the compensation and damages on account of the highway being so located.

Plaintiff then proceeded with the work of construction, and after the highway had been completely graded and made ready for the pavement, or hard surface, but before any pavement had been laid thereon, plaintiff instituted and prosecuted a con-

demnation proceeding in the circuit court, against the defendant, for the purpose of acquiring the right of way through his land.

Commissioners were appointed, who, after having viewed the premises and heard the evidence, filed their report whereby they awarded the defendant the sum of $2,000.00 as compensation and damages, to which report and award plaintiff duly filed exceptions. Upon the hearing of the case, the court overruled the exceptions to the report and confirmed the same, and the award therein made, to which ruling of the court plaintiff at the time excepted, and objected to judgment being entered in confirmation of the report and award.

It is assigned as error that the award of $2,000.00 was grossly excessive, and that the commissioners considered and allowed as independent elements damages for the destruction of a pond and consequential damages to the residence of defendant.

It is a well settled rule of law in this State that it requires strong evidence to warrant the appellate court in setting aside an award of commissioners when the only exception is to the *quantum* of damages. The Constitution empowers the legislature to invest the chairman of the State Highway Commission with the power of eminent domain, a power essentially harsh in its application at times, but necessary when it is impossible for the authorized agent of the State and the landowner to agree upon a just compensation for the land taken and the resultant damages to the residue thereof.

In its wisdom, the legislature had provided for the appointment by the trial court of a commission composed of freeholders, upright and capable, whose duty it is, after first being sworn, to go upon the land,

examine it, hear testimony, carefully consider the relative rights of the citizen and the condemnor, and then, without bias or prejudice, ascertain the damages, so that the landowner may receive a full and perfect equivalent for the property taken or damaged.

■ In *Burger* v. *S. Female Normal School*, 114 Va. 498, 77 S. E. 489, 492, Judge Keith quotes with approval from *Hunter* v. *C. & O. Ry. Co.*, 107 Va. 158, 59 S. E. 415, 17 L. R. A. (N. S.) 124, wherein it is said that "the free and perfect equivalent for the property taken is what the law contemplates as the market value thereof."

■ In the ascertainment of damages where property has been taken or damaged by the State Highway Commission, it is right and proper for the commissioners to consider all elements of damage brought to their attention, either by the testimony of witnesses or upon a view of the premises, and then assess such damages as the landowner may suffer, based upon the difference between the market value of the property immediately before and immediately after the improvements.

■■ It is disclosed by the record, and to our mind it is manifest, that the commissioners arrived at the damages awarded by a method not warranted under our decisions. The report of the commissioners is in the usual form and shows an award of $200.00 for the land taken, and $1,800.00 for damages to defendant's other property. Only two of the commissioners testified upon the hearing before the court. They were introduced as witnesses for the plaintiff, and were shown an envelope on which the following appears:

"G. E. Fletcher

"Land taken................ $200.00

"Damage to pond............ 300.00

"Damage to residence....... 1,500.00
                            _____

                            $2,000.00"

That this memorandum was written by W. B. King, one of the commissioners, is beyond question. The reason given by the commissioners for the estimate of damages to the residence of defendant was that they "thought" the cut immediately in front of the residence "might some time give way back to the house and undermine it." While it does appear that the residence is situated approximately thirty-two feet from the top of the cut and that a small portion of the lateral support that distance from the house at the base of the cut has been removed, it does not appear from the record before us that by reason of such removal of the soil the residence is in any immediate danger of damage or destruction. If, however, it should appear, upon a second view of the premises, that the lateral support has been removed to such an extent as to endanger the residence, this fact is properly an element of damage affecting the market value of the property. The view should demonstrate that the danger of destruction of or damage to the residence is apparent and not speculative.

The two commissioners also stated that in assessing damage for the destruction of the pond they were actuated by the estimated cost of conducting water through pipes a distance of about a mile in order to afford an adequate supply for stock purposes. While it was proper for the commissioners to take into consideration the two elements of damages, viz.: Destruction of the pond and damage to the residence on the

property, such separate items should not be made the specific measure of their award.

▮ In *Swift & Co.* v. *Newport News*, 105 Va. 124, 52 S. E. 821, 827, 3 L. R. A. (N. S.) 404 (an action of trespass for grading a street), counsel for the company moved the court to instruct the jury, among other things, that in assessing its damages the jury should in any event find for the plaintiff the sum of $128.00, the cost incurred in laying a new pavement rendered necessary by reason of the improvement. In disposing of the contention of counsel, Judge Keith said:

"This independent item of cost incurred in laying the new pavement tended to show damage, and was proper to be considered as such by the jury, yet they could not take separate items and award damages for them and add them together and say that is the damage suffered, nor could there be a recovery for any specific item of damage as such, but all of them were to be taken together as elements tending to show whether the property had been depreciated in value when considered in connection with the benefits. 2 Lewis Em. Domain, section 494; *City Council* v. *Schrameck, supra* [96 Ga. 426, 23 S. E. 400, 51 Am. St. Rep. 146]; *Chambers* v. *South Chester*, 140 Pa. 510, 21 Atl. 409.

"In the last named case the following charge to the jury was approved: 'You may consider these several matters' (special items of alleged damages) 'as elements in the cause, but you are not to award damages for the building of walls or the filling up of lots as special damages, or for the likelihood of injuring the building, etc. You are not to take up these separate items and award separate damages for them and add them together and say that is the damage suffered. The law has given another rule for the measuring of damages, and that rule is as before stated and which I will now repeat. The law is this: You will consider

the market value of the property before the change and unaffected by it, and its market value with the grade as affected by it. * * *.'"

In *Nelson County* v. *Loving*, 126 Va. 291, 101 S. E. 406, 408, 412, the trial court refused to give this instruction: "The court further instructs the jury that although you may believe from the evidence that the property itself of the plaintiffs has been damaged by reason of the public improvements, yet in assessing such damages, if any, you shall not take into consideration or as an element thereof the cost of erecting the cement steps and retaining walls around the plaintiff's property, if you shall further believe from the evidence that the land or ground upon which said proposed steps or wall is to be erected is the property of the defendant, Nelson county."

While holding that it was not error to refuse the instruction, Judge Sims said: "Instruction E was erroneous because the jury had the right to take into consideration the cost of erecting the steps and retaining walls, not as separate items of damages, but as elements taken together with such other elements of damage as tended to show whether the property had been depreciated in market value. *Swift & Co.* v. *Newport News, supra.* * * *."

■■ • In the assessment of damages to property the rule is the same whether it be invoked in an action of tort or in condemnation proceedings. In reaching the conclusion that the judgment should be reversed, we are not unmindful of the fact that the record does disclose that upon cross-examination the two commissioners stated in general terms that they thought the construction of the highway through the lands of defendant damaged the property to the extent of the amount awarded. However, when we read their

entire evidence, it is patent that the award was made under a misconception of the rules for the assessment of damages in a condemnation proceeding.

The judgment will be reversed and the case remanded with direction to the trial court to appoint other commissioners and proceed with the case as provided by law.

*Reversed.*