# 𝔑𝔦𝔠𝔥𝔪𝔬𝔫𝔡

M. H. Long v. H. G. Shirley, Highway Commissioner.

April 21, 1941.

Record No. 2356.

Present, All the Justices.

*Geo. S. Harnsberger,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Jno. Q. Rhodes, Jr., Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

This is a condemnation proceeding instituted by the State Highway Commissioner for the purpose of securing title to 4.75 acres of land belonging to M. H. Long and needed in the construction of a public highway, for fixing the value of the land taken, and for determining the damages, if any, done to the remaining portion of Long's land by reason of the construction of the road.

Long owns a tract of approximately 600 acres on the east side of Shenandoah Valley, in Rockingham county, about two miles south of the town of Elkton. The newly constructed road runs approximately one-half a mile through this property and separates 100 acres of tillable land, on which are located the residence, tenant house, barn and other customary outbuildings, from 500 acres of grazing and mountain land.

The condemnation proceeding was instituted under the Acts of Assembly of 1922, ch. 403, §10, p. 678, as amended by Acts 1924, ch. 448, p. 674; Acts 1928, ch. 472, p. 1228; Acts 1934, ch. 377, p. 759 (Michie's Code 1936, §1969j), after the highway had been completed.

The commissioners appointed by the court, after viewing the premises, hearing the evidence, and considering the instructions, filed a report fixing the value of the land taken at $354.75, and the damages to the residue at $850. The court overruled Long's exceptions to the commissioners' report and entered a final judgment approving the award. To review this judgment the present writ of error has been awarded.

. No question is raised before us as to the amount of the award for the value of the land taken. We are here concerned only with the award of $850 for damages to the property not taken.

The assignments of error raise two questions: First, that the commissioners were improperly instructed; and Second, that the court erred in not setting aside as grossly inadequate the award of $850 for the residual damages.

Over the objection of the property owner the court gave the commissioners this instruction:

"The Commissioners are instructed that if they believe from their view of said land and from the evidence before them that there is any enhancement in the market value of the landowner's remaining property, a part of which is sought to be taken herein, by reason of the construction or improvement contemplated or made by the Highway Commissioner, then the Commissioners must offset the amount of such enhanced value against the damage, if any, resulting to such remaining property of the landowner by reason of such construction or improvement; provided such enhancement in value shall not be offset against the value of the property taken; and provided further that if such enhancement in value shall exceed the damage, there shall be no recovery against the landowner for such excess. The burden of proof to establish the enhancement, if any, in the market value of the property, is on the State Highway Commissioner."

This instruction was based upon the Acts of 1928, ch. 472, p. 1228, as amended by Acts 1934, ch. 377, p. 758, which provides that in condemnation proceedings instituted by the Highway Commissioner, "the enhancement, if any, in value of the remaining property of the landowner by reason of the construction or improvement contemplated or made by the commissioner, shall be offset against the damage, if any, resulting to such remaining property of such landowner by reason of such con-

struction or improvement, provided such enhancement in value shall not be offset against the value of the property taken; and provided, further, that if such enhancement in value shall exceed the damage, there shall be no recovery over against the landowner for such excess.''

The plaintiff in error contends that the enhancement in value of the landowner's remaining property, referred to in the statute, which may be offset against his residual damages, does not mean enhancement in the ''market value'' of such remaining property, as interpreted by the court in the instruction given, but means enhancement in the ''actual and usable value'' of the landowner's remaining property which is special and peculiar to it as distinguished from the enhancement in value of the property generally in the neighborhood resulting from the construction of a new highway in the vicinity.

Here the argument is that it was the intention of the Legislature to write into the statute what was held in *Shirley* v. *Russell*, 149 Va. 658, 140 S. E. 816, namely, that in highway condemnation proceedings where a part of the land is taken, in fixing the damages, if any, suffered by the landowner's remaining lands not taken, the commissioners should consider only ''exclusive, local, special or peculiar benefits that grow out of the taking and maintenance of the improvement, and not general or community benefits'' (149 Va., at page 669), and that ''enhanced value to the abutter's land cannot be considered in estimating the damages to the residue'' (149 Va., at page 680).

See also, *James River & Kanawha Co.* v. *Turner*, 9 Leigh (36 Va.) 313.

On the other hand, the Attorney General contends that it was the purpose of the statute to change the rule enunciated in *Shirley* v. *Russell, supra,* and to direct that the enhancement, if any, in the value of the land not taken, resulting from the construction of the new road,

be deducted from the damages, if any, suffered by such remaining lands as the result of the improvement.

The Attorney General points out that in both *James River & Kanawha Co.* v. *Turner, supra,* and in *Shirley* v. *Russell, supra,* the members of the court were divided as to whether enhancement in market value of the landowner's remaining property by reason of the improvement could be offset against his residual damages. He also points to the fact that *Shirley* v. *Russell, supra,* was decided on December 22, 1927, and that the provision now under review was written in the statute by the 1928 General Assembly which convened shortly thereafter.

■■ In our opinion the contention of the Attorney General is sound.

Prior to the Acts of 1928, ch. 472, p. 1228, the State Highway Act contained no specific provision governing the allowance of an offset against a landowner's residual damages. The act left this matter of ''procedure'' to the statutory provision ''prescribed by law for railroad corporations.'' (Acts 1922, ch. 403, §10, p. 678; Acts 1924, ch. 448, §10, p. 674.)

The provisions with reference to eminent domain by railroad corporations are found in the Code of 1919, ch. 176, §4360*ff.* Section 4368 provides that the commissioners, among other things, shall ''assess the damages, if any, to the adjacent or other property of such tenant or owner, * * * beyond the peculiar benefits that will accrue to such properties, * * * from the construction and operation of the company's works.'' See also, Acts 1902-03-04, ch. 608, §8, p. 960; Code 1887, §1078.

Under the express language of this statute only ''peculiar benefits'' which accrued to the landowner's remaining property from the construction and operation of a railroad could be offset against the damages.

In applying this provision to highway condemnations this court held that only such benefits as are peculiar and special to the landowner's remaining lands, and not such as are common to the whole community, as the result of

the construction of the new highway, are "peculiar bene-
fits" to be deducted from the landowner's damages.
*Heninger* v. *Peery,* 102 Va. 896, 899, 900, 47 S. E. 1013;
*Williamson* v. *Read,* 106 Va. 453, 456, 457, 56 S. E. 174;
*Town of Galax* v. *Waugh,* 143 Va. 213, 225, 129 S. E. 504;
*Shirley* v. *Russell, supra.*

In *Williamson* v. *Read, supra* (106 Va., at page 457),
it was held that enhancement in value which will amount
to a peculiar benefit must be an increase in the "actual
or usable value" of the land as well as in its "market or
salable value," and not merely the latter.

Based on this holding, Judge Christian said in *Shir-
ley* v. *Russell, supra* (149 Va., at pages 669, 670), that
"the enhanced value to the residue" of a landowner's
land by reason of a hard-surfaced road passing through
his farm did not constitute a peculiar benefit within the
meaning of the statute.

The majority of the court, however, were unwilling
to go this far, for the opinion closes with this significant
paragraph (149 Va., at page 682):

"While the other members of the court agree with the
result of the conclusions reached in the instant case, they
do not wish to be understood as holding that the increase
in the market value of land, brought about by the con-
struction of a public highway, should not be taken into
consideration under any circumstances in assessing the
damages to the adjacent property in condemnation pro-
ceedings, but are of the opinion that the question of
whether such increase in market value does or does not
constitute a peculiar benefit, must necessarily depend
upon the facts and circumstances of each particular case;
although the general rule must be taken as established
in this opinion."

It will be observed that in all of these cases this court
was dealing with the interpretation of a statute which
in terms limited the items to be offset against a land-
owner's residual damages to "the peculiar benefits that

will accrue to such properties" by reason of the construction of the improvement.

In the case before us we are dealing with an entirely different situation. Here the statute, in express terms, provides that, "the enhancement, if any, in value of the remaining property of the landowner by reason of the construction or improvement contemplated or made by the commissioner, shall be offset against the damage, if any, resulting to such remaining property of such landowner by reason of such construction or improvement," with these added provisos: (1) "such enhancement in value shall not be offset against the value of the property taken;" and (2) "if such enhancement in value shall exceed the damage, there shall be no recovery over against the landowner for such excess."

The qualifications contained in the two provisos are in accord with the principles theretofore laid down by this court in *Mitchell* v. *Thorne,* 21 Gratt. (62 Va.) 164, 178, 179; *Town of Galax* v. *Waugh, supra* (143 Va., at page 224).

But it is clear that it was the plain purpose of the remaining portion of the 1928 amendment now under consideration, to set at rest the question as to whether the enhancement, if any, in value of the remaining property of the landowner, by reason of the construction or improvement of a highway, might be offset against the residual damage of the landowner. The amendment in plain terms provides that such enhancement "shall be offset" against such damage.

There is nothing in the language to indicate that the enhancement in value is to be limited to the "actual or usable value" of the land as distinguished from its market or salable value, as contended by the plaintiff in error. Enhancement in value, as used in the statute, is broad enough to include not only the actual or usable value, but the market or salable value as well. In other words, the purpose and effect of the amendment is to enlarge the "peculiar benefits" which may be deducted

from the landowner's residual damages to include enhancement in value to the remaining property of the landowner by reason of the improvement. To hold otherwise would be to say that the General Assembly did a vain thing in enacting the provision.

The interpretation which we have placed upon the amendment conforms the law to other decisions of this court. In *Richmond & M. R. Co.* v. *Humphreys,* 90 Va. 425, 435, 18 S. E. 901, an instruction was approved which told the jury that in ascertaining the damages to the residue of a tract, a part of which was taken for public use, the measure of the owner's damages was the difference between the market value of such residue at the time of taking and its market value after such taking, and, in ascertaining such damages, the jury might consider every circumstance, present or future, which affected its then value.

This principle was followed in *Chairman of Highway Commission* v. *Parker,* 147 Va. 25, 29, 136 S. E. 496; *Chairman of Highway Commission* v. *Fletcher,* 153 Va. 43, 47, 149 S. E. 456.

In the present case the commissioners were so instructed without objection from the landowner. To say that the measure of damages to a landowner's property by reason of a public improvement is the difference in value before and after the improvement necessarily means that the enhancement, if any, in value of the property as a result of the improvement has been taken into consideration.

There is no error prejudicial to the landowner in the instruction. The use by the trial court of the words *"market* value" was more favorable to the landowner than the wording of the statute. For, as we have said, the word "value" found in the statute includes "actual or usable value" as well as "market value."

But the plaintiff in error earnestly contends that such an interpretation of the statute brings it into conflict with the State and Federal Constitutions. It is argued

that to deduct from a landowner's residual damages an enhancement in value of his remaining property, not beyond that shared by his neighbors, amounts to a violation of section 58 of the Constitution of Virginia, which prohibits the enactment of any law whereby private property shall be taken or damaged for public uses without just compensation. It is also argued that such an interpretation will render the statute violative of the due process clauses of the State and Federal Constitutions (United States Constitution, Fourteenth Amendment; Constitution of Virginia, §11).

Section 58 of the Constitution of Virginia merely guarantees to each citizen just compensation for his property "taken or damaged for public uses." The landowner must be paid for his land taken or damaged. The section does not say how he shall be paid or what shall constitute "just compensation." Nor does it guarantee that every citizen shall receive equal benefits from a public improvement. If the market value of the landowner's remaining property has been increased by the improvement, such increase may constitute a part of his "just compensation." The property owner is entitled to receive the value of what he has been deprived of, and nothing more. If the market value of his remaining land has been increased more than it has been damaged by the improvement, then manifestly he has suffered no loss.

Moreover, if the statute provides a method whereby the landowner receives "just compensation" for his property taken or damaged for public use, there has been no denial of due process of law to him.

In *Bauman* v. *Ross,* 167 U. S. 548, 17 S. Ct. 966, 42 L. Ed. 270, the Supreme Court of the United States held that an Act of Congress (Act March 2, 1893, ch. 197, §11; 27 Stat. 532), providing that in condemning highways and streets in the District of Columbia enhancement in value of the landowner's remaining property might be deducted from his residual damages, did not

violate the Fifth Amendment to the Constitution of the United States which prohibited the taking of private property "for public use without just compensation."

In *McCoy* v. *Union Elevated R. Co.,* 247 U. S. 354, 38 S. Ct. 504, 62 L. Ed. 1156, the court approved an instruction which told the jury that increase in the market value of a landowner's property by reason of the construction, maintenance and operation of an elevated railroad, was a special benefit which it might take into consideration in assessing the damages to the property owner by reason of the construction, maintenance and operation of the railroad. The court there said (247 U. S., at pages 365, 366; 38 S. Ct., at pages 507, 508):

"The fundamental right guaranteed by the Fourteenth Amendment is that the owner shall not be deprived of the market value of his property under a rule of law which makes it impossible for him to obtain just compensation. There is no guarantee that he shall derive a positive pecuniary advantage from a public work whenever a neighbor does. It is almost universally held that in arriving at the amount of damage to property not taken allowance should be made for peculiar and individual benefits conferred upon it; compensation to the owner in that form is permissible. And we are unable to say that he suffers deprivation of any fundamental right when a State goes one step further and permits consideration of actual benefits—enhancement in market value—flowing directly from a public work, although all in the neighborhood receive like advantages. In such case the owner really loses nothing which he had before; and it may be said with reason, there has been no real injury."

In *Peoria, B. & C. Traction Co.* v. *Vance,* 225 Ill. 270, 80 N. E. 134, the court had under consideration the interpretation of the Illinois Constitution which provides that "private property shall not be taken or damaged for public use without just compensation." It was there held that, since the measure of damages to land adjacent

to but not taken in a railroad condemnation proceeding is the difference in the fair market value of the land before and after construction of the railroad, enhancement in the market value of the remaining property of the landowner, by reason of the improvement, is a special benefit to be considered in fixing the landowner's damages, and that the fact that other property in the vicinity of the proposed railroad will also be increased in value by reason of the construction and operation thereof, furnishes no excuse for excluding the consideration of such enhancement in value in determining whether or not the landowner's remaining property has been damaged. This reasoning was approved by the Supreme Court of the United States in *McCoy* v. *Union Elevated R. Co., supra* (247 U. S., at pages 363, 364; 38 S. Ct., at page 507).

In *Rudder* v. *Limestone County,* 220 Ala. 485, 125 So. 670, 68 A. L. R. 776, the highest court of Alabama held that a statute (Code, §7489, as amended by Acts 1927, pp. 492-493) providing that in highway condemnation proceedings "the commissioners may, in fixing the amount of compensation to be awarded the owner for lands taken for this use, take into consideration the value of the enhancement to the remaining lands of such owner that such highway may cause," "offends no provision of organic law, state or federal," since "there is nothing in the Constitution of this State, nor of the United States, prohibiting a consideration of benefits in estimating the just compensation to be paid." The conclusion of the court was based largely upon the reasoning and holding in *Bauman* v. *Ross, supra.*

The Alabama court adhered to the same view in *Conecuh County* v. *Carter,* 220 Ala. 668, 126 So. 132, and in *Pickens County* v. *Jordan,* 239 Ala. 589, 196 So. 121, 123.

It is true that in *Shirley* v. *Russell, supra* (149 Va., at pages 666, 667), it was said that: "Should the General Assembly exclude from the statute any element of

damage that directly flows from the taking, or *allow benefits or advantages that do not particularly and exclusively affect the particular tract or parcel of land whereof a portion is condemned, such a provision would be unconstitutional."* (Italics supplied.) But that statement was *obiter dictum* since no question of the constitutionality of such a statute was there before the court.

Our conclusion is that the statute here involved violates no provision of the State or Federal Constitution.

The next assignment of error is to the action of the court in refusing to give this instruction:

"In arriving at the damages to the residue of the tract, the commissioners should consider the costs, if any, of adjusting the residue of the property to the new conditions brought about by the construction of the highway in question, and the inconvnience if any, to which the landowner will be subjected on account of the location of said road in the future operation of said farm."

An appreciation of the relevancy and importance of this instruction necessitates a review of the evidence submitted on behalf of the plaintiff in error.

Prior to the construction of the new highway the approach to the Long property was from the Port Republic road which ran about 200 yards from the front of the residence. A fenced lane 16 feet wide led across Long's land from this road to his residence.

The new highway passes the rear of the Long residence and within 60 feet of the barn. The approach from the new road to the residence is through the rear of the barnyard and by the outhouses, as contrasted with the former approach to the front. A number of witnesses testified that this situation alone depreciated the value of the property from three to four thousand dollars.

Other testimony on behalf of the petitioner shows that the construction of the new highway necessitated the removal of certain of his outbuildings, changes in the fencing, and the construction of a new approach to

the residence, including the removal of the banks of a cut, all of which will call for the expenditure of approximately $1,300. Furthermore, the new road separates the barn from a portion of the grazing land. It cuts off a portion of the grazing land from its natural watering place. No underpass was provided to lessen this inconvenience.

The instruction requested by the plaintiff in error and refused by the court told the commissioners that in fixing his damages they should take into consideration these items of expense, and the inconvenience to him in the future operation of the farm resulting from the construction of the new highway. In our opinion the instruction was proper and should have been given.

It is well settled that the cost of fencing and like expenses necessary to adjusting the landowner's property to the new situation created by the construction of a highway are proper elements of damages. *Heninger* v. *Peery, supra* (102 Va., at page 900); 18 Am. Jur., Eminent Domain, §§268, 269, pp. 909, 910.

The same is true of the inconvenience which the landowner will suffer in the future operation of his property. 18 Am. Jur., Eminent Domain, §266, p. 906.

We cannot agree with the argument of the Attorney General that these matters were fully covered by another instruction of the court which told the commissioners that they "should consider all elements of damage brought to their attention either by the testimony of witnesses, or upon a view of the premises." This instruction did not define what were proper "elements of damage" to be considered by them. It was the purpose and effect of the refused instruction to supply this information.

Neither can we agree that the instruction improperly emphasized a part of the evidence. As we have said, the matters covered in the instruction were important elements in the case of the plaintiff in error.

The conclusion which we have reached and the fact

that there must be a new trial at which the evidence may be different make it unnecessary that we pass upon the remaining assignment of error that the award was grossly inadequate.

For the failure of the court to give the requested instruction the judgment will be reversed and the case remanded with directions to the trial court to appoint other commissioners and to proceed with the case as provided by law.

*Reversed and remanded.*