Present: Carrico, C.J., Compton, Stephenson, Whiting, Lacy, and
Keenan, JJ., and Poff, Senior Justice

E. TYREE CHAPPELL

v. Record No. 941106                          OPINION BY
                                     SENIOR JUSTICE RICHARD H. POFF
VIRGINIA ELECTRIC AND                         JUNE 9, 1995
POWER COMPANY

                    FROM THE CIRCUIT COURT OF HANOVER COUNTY
                          Richard H.C. Taylor, Judge


        The principal question presented in this landowner's appeal
from a judgment confirming the commissioners' report in a
proceeding to condemn an easement is whether the testimony
adduced and proffered by the landowner was sufficient to prove
that the award of compensation for damage to the residue was
unjust.

        In October 1992, Virginia Electric and Power Company (Vepco)
filed a petition to condemn an easement for the construction of
Vepco's 230 kV Elmont-Chickahominy transmission line. The route
crosses one corner of a farm owned by E. Tyree Chappell.
Approximately half of the farm lies in a flood plain. The corner
crossed by the easement is cleared land and, with access to State
Route 637, is suitable for residential development. Chappell's
farm contains 91.72 acres; the easement will cover 0.85 of an
acre.

        In preparation for trial, Chappell served a subpoena on
Donald E. Koonce, Vepco's Director of Transmission Operations.
In response to interrogatories, Chappell advised that he also
planned to call another witness, Gillis G. Pratt, Jr., a real
estate appraiser, who would opine that "the greatest loss to the
property is the damages to the remainder . . . [which] is

significantly devalued, because of its proximity to the right of way of a high voltage transmission line, including the public awareness and fear of living in the vicinity of electromagnetic fields caused by such transmission lines."

Vepco filed a motion to quash the Koonce subpoena and a motion in limine to exclude "evidence of or reference to electromagnetic fields ('EMF'), any alleged link between EMF and adverse human health effects, any alleged public perception of any such link, and the effects, if any, of any such perception on property values in Hanover County." The trial court granted both motions.

Following a view of the property by the court and the commissioners, Vepco introduced the testimony of a single witness, Michael C. McCall, a real estate appraiser. McCall fixed the value of the easement at $11,900; the damage to an "80-foot strip running along the easement" at $22,155; no damage to the residue outside this "buffer strip"; and total just compensation at $34,100.

Chappell, testifying as his only witness, valued the easement at $12,750; damage to the residue at $81,750; and total just compensation at $94,500. For the record, Chappell proffered the testimony of Gillis Pratt, a real estate appraiser. Pratt evaluated the easement at $14,445; damage to the residue at $65,555; and total just compensation at $80,000.

The trial court entered judgment confirming the commissioners' report which assessed the value of the easement at $12,325; damage to the residue at $25,655; and total just compensation at $37,980.

In his challenge on appeal to the quantum of the award of damage to the residue, Chappell contends that the trial court erred in excluding his evidence of public fear emanating from the presence of high voltage power lines and the effect of that fear on the market value of his property. He relies upon language contained in <u>Appalachian Pr. Co.</u> v. <u>Johnson</u>, 137 Va. 12, 30-31, 119 S.E. 253, 258 (1923), where we said that "the commissioners could have properly taken into consideration the effect of the fear of the [transmission] line breaking down and injuring persons and property . . . if the liability [for] such injury in fact depreciated the market value of the property." Chappell insists that the trial court's order excluding his evidence from consideration by the commissioners "was in contravention of precedent and resulted in unfair prejudice . . . as reflected by the Commissioners' award."

We do not agree that <u>Johnson</u> is controlling precedent. The landowner was awarded nothing for damage to the residue; damage to the residue was not an issue before this Court; and the language Chappell invokes is <u>obiter</u> <u>dicta</u>.

Nevertheless, we need not decide whether a landowner in a proceeding to condemn an easement for an electric transmission line may be entitled to compensation for diminution in the market value of the remaining land attributable to the fears of prospective purchasers. The rule is well settled that, "[i]n every eminent domain case involving a partial taking, the measure of damages to the residue of the property not taken is the difference in the fair market value immediately before and immediately after the taking." <u>East Tennessee Natural Gas Co.</u> v.

*Riner*, 239 Va. 94, 100, 387 S.E.2d 476, 479 (1990); accord *Town of Rocky Mount* v. *Hudson*, 244 Va. 271, 273, 421 S.E.2d 407, 408 (1992). And, as Chappell acknowledges on brief, "[s]peculative matters should not be considered by commissioners in determining just compensation." Applying these principles, we examine the probative value of the damage evidence Chappell vouched for the record.

Koonce, Vepco's employee, was never asked to evaluate damage to the residue, and Pratt produced no evidence of comparable sales consummated at prices allegedly diminished by public fear of electric transmission lines. As Chappell agreed in oral argument, "[i]t is difficult to prove market value loss when there are no actual sales of comparable property."

In support of his estimate of damage to the residue, Pratt referred to an article he had read in the "Journal of Real Estate Research". Based upon "a survey of several experienced appraisers all over the country," the author of the article concluded that the effect of high voltage power lines on residential property values "ranged from zero to 50 percent difference . . . with the median being typically something greater than 10 percent". While Pratt testified that he applied a 10 percent depreciation formula to one parcel containing 13.77 acres "because of the visual" problem, it is unclear from the record what percentage factor or factors related to the fears of prospective customers he applied to other portions of the rest of Chappell's farm.

We think that the proffered testimony failed to quantify any damage to the fair market value of the residue attributable to

the alleged public fear of high voltage transmission lines. Consequently, the testimony Chappell proffered was inadmissible. East Tennessee Natural Gas Co. v. Riner, 239 Va. at 100, 387 S.E.2d at 479-80.

Finally, Chappell complains that the trial court erred in denying his "absolute right of cross-examination" and that "[d]ue to the Court's evidentiary rulings, the Commissioners' award was arrived at under erroneous principles and should have been overturned by the Trial Court".

On cross-examination, Chappell's counsel asked McCall if, during the course of his testimony in earlier Vepco condemnation cases, "the question [had] come up about fear of power lines". The trial court, taking the view that Chappell's question was within the intendment of the exclusion order entered in limine, sustained Vepco's objection to the question, and Chappell's counsel resumed interrogation on a different subject.

"We will not consider testimony which the trial court has excluded without a proper showing of what that testimony might have been." O'Dell v. Commonwealth, 234 Va. 672, 697, 364 S.E.2d 491, 505 cert. denied, 488 U.S. 871 (1988). "[W]hen testimony is rejected before it is delivered, an appellate court has no basis for adjudication unless the record reflects a proper proffer." Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977); accord Spencer v. Commonwealth, 238 Va. 563, 570, 385 S.E.2d 850, 854 (1989), cert. denied 493 U.S. 1093 (1990); MacKall v. Commonwealth, 236 Va. 240, 256-57, 372 S.E.2d 759, 769 (1988), cert. denied 492 U.S. 925 (1989); Barrett v. Commonwealth, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986); Wyche

v. <u>Commonwealth</u>, 218 Va. 839, 842, 241 S.E.2d 772, 774 (1978); <u>Owens</u> v. <u>Commonwealth</u>, 147 Va. 624, 630-31, 136 S.E. 765, 767 (1927); <u>Jackson's Case</u>, 98 Va. 845, 846-47, 36 S.E. 487, 488 (1900).  Although the trial court invited Chappell to pursue his right of "vouching the record", we find nothing in that record that constitutes a proper proffer.

The commissioners' award was lower than the highest damage estimates and higher than the lowest.

> It is a well settled rule of law in this State that it requires strong evidence to warrant the appellate court in setting aside an award of commissioners when the only exception is to the <u>quantum</u> of damages.

<u>Chairman Highway</u> v. <u>Fletcher</u>, 153 Va. 43, 46, 149 S.E. 456, 457 (1929); <u>accord</u> <u>Highway Commissioner</u> v. <u>Carter</u>, 216 Va. 639, 641, 222 S.E.2d 776, 777 (1976).

We hold that the record fails to show that the difference between the market value of the residue immediately before and immediately after the condemnation was greater than the award the commissioners made, and we will affirm the judgment of the trial court confirming the award.

<u>Affirmed</u>.