COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Kelsey
Argued at Richmond, Virginia


PICCADILLY GRILL AND BUFFET, INC. t/a
 THE END ZONE SPORTS BAR & GRILL
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1567-02-2         JUDGE D. ARTHUR KELSEY
                                         FEBRUARY 11, 2003
VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL BOARD


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Melvin R. Hughes, Jr., Judge

            Paul T. Buckwalter, II, for appellant.

            Frank S. Ferguson, Deputy Attorney General
            (Jerry W. Kilgore, Attorney General; Rhonda
            McGarvey, Senior Assistant Attorney General,
            on brief), for appellee.


     The Piccadilly Grill and Buffet, Inc. appeals the trial

court's decision affirming the Alcoholic Beverage Control Board's

revocation of Piccadilly's wine and beer license.  Piccadilly

argues that the Board erred by refusing to permit Piccadilly's

owner to testify at the Board hearing after previously electing

not to testify on Fifth Amendment grounds before the

administrative hearing officer.  See generally 3 Va. Admin. Code

§ 5-10-290(A) (Generally, "all evidence should be introduced at

─────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

hearings before hearing officers.").  For two reasons, we refuse to consider the merits of this argument.

First, we will not consider error assigned to the rejection of testimony unless the proffered testimony has been "made a part of the record."  Evans v. Commonwealth, 39 Va. App. 229, 236, 572 S.E.2d 481, 484 (2002).  An appellate court has "no basis for adjudication unless the record reflects a proper proffer."  Id. (quoting Whittaker v. Commonwealth, 217 Va. 966, 968, 234 S.E.2d 79, 81 (1977)); see also Holles v. Sunrise Terrace, Inc., 257 Va. 131, 135, 509 S.E.2d 494, 497 (1999); Williams v. Harrison, 255 Va. 272, 277, 497 S.E.2d 467, 471 (1998); Chappell v. Va. Electric & Power Co., 250 Va. 169, 173, 458 S.E.2d 282, 285 (1995); Barrett v. Commonwealth, 231 Va. 102, 108, 341 S.E.2d 190, 194 (1986).

A proper proffer may consist of "a unilateral avowal of counsel, if unchallenged, or a mutual stipulation of the testimony expected."  Evans, 39 Va. App. at 236, 572 S.E.2d at 484 (citation omitted).  The proffer must state specifically the expected testimony rather than counsel's theory of his case.  See Lockhart v. Commonwealth, 34 Va. App. 329, 340, 542 S.E.2d 1, 6 (2001) (finding proffer inadequate where counsel provided argument rather than an individual's expected answers to potential questions).

Second, Rule 5A:20(e) requires the appellant's brief to include, among other things, the "principles of law, the argument, and the authorities relating to each question presented."  Conclusory assertions in a brief — unsupported by

-

"argument, authority, or citations to the record" — are undeserving of appellate consideration. <u>Thomas v. Commonwealth</u>, 38 Va. App. 319, 321 n.1, 563 S.E.2d 406, 407 n.1 (2002); <u>Dickerson v. Commonwealth</u>, 36 Va. App. 8, 15, 548 S.E.2d 230, 234 (2001); <u>Bennett v. Commonwealth</u>, 35 Va. App. 442, 452, 546 S.E.2d 209, 213 (2001); <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Both of these procedural defaults apply to this case. Though Piccadilly complains that its owner should have been allowed to testify before the Board, Piccadilly made no proffer of his testimony either to the Board or the trial court. We have no way of knowing exactly what the owner would have said had his testimony been received. Piccadilly's appellate brief suffers from similar inadequacies. It contains broad assertions of error unaccompanied by any specific citation to statutes, administrative regulations, or controlling case law. For these reasons, we will not consider Piccadilly's arguments on appeal.

<u>Affirmed</u>.

-