488

## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth
Transportation
Commissioner

v.

Arthur Edward Newcomb, Sr.,
Dolores Kidd Newcomb,
and Dolores Kidd Newcomb,
Executrix of the Estate of
Arthur Edward Newcomb, Sr.,
deceased

Case No. CL00005427

BY JUDGE J. MICHAEL GAMBLE

September 26, 2007

I have considered the motion filed by Mr. Kirstein requesting that Dolores K. Newcomb, in her capacity as Executrix of the Estate of Arthur Edward Newcomb, Sr., be removed as a party to this case. In this regard, that motion is granted. Mrs. Newcomb, as the executrix, has no interest in the proceeds. Proceeds in this case will vest in Arthur Newcomb, Jr., David Wayne Newcomb, and possibly Jeremy Newcomb, and any unborn children of Arthur Newcomb, Jr., and David Wayne Newcomb. Accordingly, Mrs. Newcomb has no interest as the executrix in this case.

I cannot rule that Arthur Newcomb, Jr., and David Wayne Newcomb are solely entitled to the proceeds. The attempted assignment by Jeremy Newcomb is invalid because he is a minor. Further, there is the possibility that additional children will be born to Arthur Newcomb, Jr., and David Wayne Newcomb. Therefore, as remaindermen, Jeremy Newcomb and any unborn children may also have a claim to the proceeds.

Under Va. Code § 55-12.3, the court can set a cutoff date for determining any unborn persons entitled to a fund if there is a violation of the rule against perpetuities. From my review of the will of Clincie G. Newcomb, there is no violation of the rule against perpetuities. Therefore, § 55-12.3 is not applicable.

I will consider any claim by Dolores Newcomb, Executrix, for reimbursement of expenses after there has been a recovery in this case. I direct that she submit her claim for attorney's fees so that the court can rule on this issue at the conclusion of the case.

Additionally, at the conclusion of the case, I will consider whether or not the fund, if any, of the remaindermen should share in reimbursement of any appraisal and other expenses incurred by Arthur E. Newcomb, Jr., and David Wayne Newcomb in this litigation.

February 15, 2008

I am writing this letter to rule on the motion of the Commonwealth Transportation Commissioner to rule inadmissible evidence pertaining to loss scrap metal revenue and the cost of the scales installed on the residue of the real estate. The motion is granted, and this evidence is ruled inadmissible.

Generally, evidence of gross receipts or gross sales of a business conducted on condemned real estate is not admissible to prove the fair-market value of the land sought to be taken. *State Highway Comm'r v. Donelson*, 221 Va. 822, 824, 273 S.E.2d 814, 815 (1960). In some instances, "net income," unlike gross income, may be admissible to show the value of income-property under "the capitalization of income method of appraisal." *Appalachian Power Co. v. Anderson*, 212 Va. 705, 712, 187 S.E.2d 148, 154-55 (1972).

In the instant case, the defendant has represented that only "gross revenues" will be offered. Further, there will be no expert witness presented by the defendant to testify on the capitalization of net profits. Accordingly, this evidence is not admissible. It does not meet the standard set forth in *Anderson*.

As a related matter, it should be noted that loss of business caused by dirt, noise, or temporary obstruction of access during the course of construction is not admissible as an item of damages. *Ryan v. Davis*, 201 Va. 79, 83, 109 S.E.2d 409, 413 (1959).

The defendant also maintains that the installation of scales at a cost of around $40,760.00 is an adjustment expense that should be offered to the issue of the determination of damages to the residue of the real estate. In certain instances, adjustment expenses are admissible. *Long v. Shirley*, 177 Va. 401, 415, 14 S.E.2d 375, 381 (1941). In the instant case, however, there were no scales on the real estate prior to the time that the certificate of take was filed in the Circuit Court. The Supreme Court has held that a voluntary improvement to the remaining property to enable the continuation of a business is not a proper adjustment expense. *Staunton v. Aldhizer*, 211 Va. 658, 662, 179 S.E.2d 485, 488 (1981). As noted above by the court, in *Staunton v. Aldhizer*, the expenses must be limited to what is necessary to adjust the lot to the new situation. *Id.*

A new set of scales is not an adjustment. It is simply a new fixture put on the residue after the initiation of condemnation proceedings.