COLLIER, GOVERNOR &c., *vs.* POWELL AND BRADLEY.

HARVARD LAW SCHOOL LIBRARY.

1.  In a summary proceeding under the act of 1848 or that of 1850, against a tax collector and his sureties, the principal is a necessary party to the notice; and if the notice shows on its face that he was dead before it issued, it is demurrable.
2.  No costs can be adjudged against the State when it is plaintiff in a civil action and fails in its suit.

APPEAL from the Circuit Court of Montgomery.

Tried before Hon. JOHN GILL SHORTER.

THIS was a summary proceeding in the name of the governor for the use of the State, against Joseph B. Powell and Jesse G. Bradley, the appellees, as sureties of Thomas Wilson, late tax collector of Monroe County.

The notice is addressed to the sureties only, and on its face shows that said Wilson was dead before it issued. The appellees demurred to the notice, and their demurrer was sustained; and this judgment on the demurrer is now assigned for error.

M. A. BALDWIN, Attorney General, for appellant:

Suit, by motion, is authorized against tax collectors, their executors, securities, &c.—Clay's Digest 244 § 16; Acts 1847 p. 8 § 18; *ib.* 1849 p. 23 § 27.

Motions authorized to be made in circuit of Tuskaloosa County, were subsequently authorized to be made in Circuit Court of Montgomery County.—Acts 1847–8 p. 8 § 18; *ib.* p. 114 § 12; *ib.* p. 141 § 1.

Before the passage of the act of 1841, (Clay's Digest 536 § 14,) the Supreme Court held, no judgment by motion could be taken against the securities of a sheriff, except upon actual notice to the sheriff.—Orr v. Duval, 1 Ala. 262.

Upon this act of 1841, providing that " when a rule or notice shall issue against any late, or acting sheriff, and his securities in office, in any case now authorized by law, it shall be competent for the plaintiff, in such rule or notice, to recover judgment against such of the parties as service may have been effected on," it has been held, the issuance of the notice against

the principal was unnecessary.—Williamson & Daniel v. Br. Bk. at Montgomery, 3 Ala. 504 ; Bondurant v. Bank of the State of Ala., 5 *ib.*. 172.

The acts of 1847–8, and acts of 1849–50, direct the comptroller to move for judgment against the tax collector and his sureties, and authorize a judgment against principal and sureties, " or when the notice is returned 'not executed,' 'or not found' as to the principal, then against such of the sureties as may have been notified of the intended motion."—Acts of 1847 –8 p. 8 § 18 ; *ib.* 1849–50 p. 23 § 27.

The provisions of these acts are very similar, and in substance the same as the act of 1841, and the construction given to the act of 1841 must also be given to the acts of 1847–8 and 1849–50. The court say the sureties of the sheriff may be sued alone by notice and motion, and so, we contend, may the sureties of the tax collector.

According to the provisions of the acts of 1847–8 and 1849– 50, there can be no doubt, if the notice had been issued against the tax collector and sureties, and returned "not executed," "or not found," as to the tax collector, although he was dead, judgment might have been taken against the sureties, on whom notice had been effected. And certainly, independent of the authority of the cases cited, there could be no good reason for connecting the name of the tax collector with those of the sureties, when he was dead, as averred in the notice.

The principle stated in Logan v. Barclay, 3 Ala. 361, has no application to the case before the court. That decision was made before the acts 1841, 1847–8, and 1849–50, by which the difficulties pointed out in Logan v. Barclay were intended to be obviated. By these acts no motion or revival of the motion against the principal is necessary to a successful prosecution against the sureties.

It was error to render judgment against the State for costs. The State acts through its officers, and for such acts its officers are not personally responsible.—Hodgson v. Dexter, 1 Cranch 364 ; 3 Pick. 17 ; 1 Term R. 172. In no case is the State liable for costs, unless specially charged by statute.—1 Haywood N. C. 221 ; United States v. Barker, 8 Peters 150 ; The Antelope, 12 Wheaton ; 4 Gill & J. 407 ; Smith's Com. on Statutes § 431.

WATTS, JUDGE & JACKSON, *contra* :

1. The motion in this case is predicated upon the eighteenth section of the act "to provide for the assessment and collection of taxes," approved 6th of March, 1848, (see Pamphlet Acts, session '47–8, page 8,) or upon the twenty-seventh section of the act "designating the subjects and sources, and prescribing the rates and mode of taxation," approved February 11th 1850, (see Pamphlet Acts, session '49–50, page 23,) both of which said sections are in terms nearly identical.

2. Under both said statutes, the tax collector is required to be a party to the motion, and must be proceeded against together with his sureties, unless he "absconds or secretes himself," or unless the "notice is returned 'not executed' as against him"; in either of which events the proceeding may go on "against such of his sureties as may have been notified of the intended motion."

3. The notice in this case discloses the fact, that, at the time the motion was made, or notice of it was given, the tax collector was dead ; and hence the notice was issued to Powell and Bradley alone, as his sureties. For this proceeding there is no warrant to be found in the statute, and the remedy being a summary one, the statute giving it must be strictly pursued. The demurrer to the notice was therefore rightfully sustained ; and we cite the following authorities, being cases analogous to this.— James & Auld v. Spear, 9 Ala. 462; Logan, adm'r, v. Barclay, 3 *ib.* 361 ; Andrews, adm'r, v. Br. Bk. Mobile, 10 *ib.* 375 ; Adm'r of Alexander v. Br. Bk. Mobile, 5 *ib.* 465; Murphy's Adm'r v. Br. Bk. Mobile, 5 *ib.* 241; Orr v. Duval *et al.*, 1 *ib.* 262 ; Mason & Daniel v. Brazier, 1 *ib.* 635.

LIGON J.—The proceeding in the court below was doubtless intended to be conformed to the eighteenth section of the act of 1847–8, or the twenty-seventh section of the act of 1849–50, which are in effect the same, and in language nearly identical.— The latter is in these words: "It shall be the duty of the comptroller of public accounts, within twenty days after the default of any tax collector, in not paying into the treasury the taxes collected by him, or paid to him by the county court clerk, for license or otherwise, under this act, at the next term of the Circuit or County Court of Montgomery County, or of the county in which the defaulting collector resides, to move the court for

judgment against him and his sureties, for the amount of the taxes not paid into the treasury ; and the court shall render judgment for such amount, on proof of fifteen days notice to the collector, against him and his sureties ; or where the collector absconds or secretes himself, or where the notice is returned 'not found' as to him, then against such of his sureties as may have been notified of the intended motion," &c.—Pamp. Acts 1849–50 § 27 p. 23 ; *ib.* 1847–8 § 18 p. 8.

Both these statutes require the tax collector to be a party to the notice, in every case ; but if it appears that he absconds or secretes himself, or the notice issued to him is returned "not found," judgment may be rendered against such of his sureties as may be served with notice.

This proceeding is summary, and strictly statutory ; it is therefore indispensable to its regularity that it should conform substantially to the provisions of the act by which it is authorized. A departure in this respect, if it appear by the face of the notice, will be fatal on demurrer. The notice here shows that Wilson, the tax collector, is not only no party to it, but that he was dead at the time of its issue. This failure to make the collector a party to the notice is a departure from the requirements of the statute, which, in cases under similar acts of the legislature, we have invariably and repeatedly held to be fatal to the recovery.—Orr v. Duval, 1 Ala. 262 ; Mason & Daniel v. Brazier, *ib.* 635 ; James v. Auld & Spear, 9 *ib.* 462; Logan v. Barclay, 3 *ib.* 361.

But we are referred by the counsel for the appellant to the act of 1841, (Clay's Digest 536 § 14,) as authority for proceeding against the sureties in this case, without noticing the principal. The act referred to gives him no aid, as by its terms it is limited to motions against sheriffs, and we are not allowed to extend its provisions.—James v. Auld & Spear, *supra.*

The court below erred in rendering judgment against the State for costs. The rule with regard to costs established by our statute, (Clay's Digest 316 §20,) does not include cases in which the State is plaintiff and fails in its suit; nor have we any statute which allows cost in such cases ; and in the absence of legislation upon the subject, costs cannot be adjudged against the State.—United States v. Barker, 1 Peters 150 ; Smith on the Con. of Statutes § 431.

The statute providing that the State may be sued, and directing how the judgment shall be satisfied, (Clay's Digest 339 § § 143, 144, 145, 146,) has no application to this, or any other case in which the State is plaintiff and fails in its suit.

The judgment of the court below must, therefore, be corrected here, so far as it relates to the costs, without cost to either party ; but the case will not be remanded, as it is evident the plaintiff can never recover in the present suit.