# CHARLESTON.

## MARY N. COMPTON v. THE COUNTY COURT OF MARSHALL COUNTY.

### Submitted April 8, 1919.    Decided April 15, 1919.

1. EMINENT DOMAIN—*Change of Grade—Measure of Damages.*

    The true measure of damages to property abutting on a public road, occasioned by a change in the grade of the road, is the difference between the value of the property immediately before, and its value immediately after, the road improvement, less any special or peculiar benefits to the property because of the improvement of the road, but not considering such general benefits as accrue to it in common with other property similarly situated. (p. 747).

2. SAME—*Changes of Grade—Damages.*

    As elements in determining the damages sustained, plaintiff may show the adaptability of the property for any legitimate purpose as it stood before the alteration in the road, and as it now stands, and also the cost of those alterations in his property, by way of adjusting it to the new grade of the road, which are rendered necessary to preserve it from further injury and render it fit for use and enjoyment. But these facts are to be considered only in subordination to the rule governing the measure of damages.    (p. 748).

3. SAME.

    If a change in the grade of a public road impairs the means of access to property abutting thereon, but the impairment has wrought no change in the true and actual value of the land considered in its entirety, the plaintiff may not recover damages therefor, notwithstanding the inconvenience of access and the expenditure necessary to restore a way of approach to the land and residences thereon.    (p. 749).

4. SAME—*Damages—Change of Grade—View.*

    The allowance of a view by a jury is within the discretion of the trial court, and its refusal is not ground for reversal unless it

83 W. Va.

is clearly manifest that a view was necessary to a just decision, and that the refusal operated to the injury of the party asking it. (p. 750).

5. SAME—*Review—Questions of Fact.*

Where the testimony relative to the amount of damage caused to an abutting property owner by a change in the grade of a public road is conflicting, the verdict of a jury based on such evidence will be accorded great, often controlling weight, when challenged for error in this court.   (p. 751).

Error to Circuit Court, Marshall County.

Action by Mary N. Compton against the County Court of Marshall County? Judgment for defendant, and plaintiff brings error.                                    *Affirmed.*

*Martin Brown, J. Howard Holt,* and *Stanley B. Wilson,* for plaintiff in error.

*J. C. Simpson* and *J. D. Parriott,* for defendant in error.

LYNCH, JUDGE:

This writ requires a review of the procedure terminating in a nil capiat judgment upon a verdict for the defendant in an action to recover damages for an injury to the proprietary rights of the plaintiff averred to be occasioned by an alteration of a road grade through her land in Marshall County. The road connects with and, 'though probably much older, is an extension of Western Avenue of the city of Moundsville. The trespass complained of, if any was committed, injured only the land lying on the east side of the road which extends through the entire tract in a direction northward towards Glendale and Wheeling. No complaint is made of any injury on the west side of the road.

Though in some respects lacking perspicuity or positiveness, the averments of the three counts of the declaration combined may be deemed sufficient to show an intention on the part of the pleader to charge defendant with liability on these grounds: The unlawful removal of soil, sand and gravel, or as equivalent thereto the wrongful appropriation of land outside of or beyond the statutory thirty feet of right of way devoted to public use (section 56a (2), ch. 43,

Barnes' Code 1916; section 69, ch. 43, Barnes' Code 1918);
the destruction of private ways of entrance or approaches
from the road, and the necessity for incurring expense in the
construction of new ways of approach to the surface of the
land and the buildings thereon; the impairment of the lat-
eral support; the effect upon the market value of the land
whether devoted to farming purposes, as it has heretofore
been, or subdivided into building lots, a purpose to which
it is adaptable; the loss of rents, "and other wrongs and in-
juries" without a more specific statement of what they con-
sist of.

To these different causes of action was addressed the tes-
timony introduced for the jury's determination of the mer-
its of the controversy. The plaintiff undertook but failed
to convince the jury that the highway improvement by the
alteration of the grade of the road so as to make it more
convenient and less burdensome for public use resulted in
the taking of land beyond the outside boundary of the road
right of way and injury to the residue and otherwise, as
averred in the declaration, without paying or securing to be
paid to her compensation therefor as required by section 9,
Art. 3 of the state Constitution. For the most part, if not
altogether, she confined her efforts to support the demands
of the declaration by attempting to establish by proof the
expenditure of money necessary to reduce the surface of the
land nearest the right of way to the same position relative to
the road that it occupied before the improvement, and not
whether the market value of the land was less immediately
after than it was immediately before the alteration of the
grade—the true standard for determining whether a land
owner is entitled to compensation for a public or quasi pub-
lic improvement affecting his private property, except of
course as to that part actually appropriated to public use.
*Harman* v. *Bluefield,* 70 W. Va. 129. As to such part he is
entitled to its true and just value. Although the trial court
pointed out the correct rule for determining the compensa-
tion to be allowed, plaintiff persisted in pursuing the method
described, except by eliciting the opinion of one or two wit-
nesses as to the amount of damages suffered by her, while

defendant proved evidently to the satisfaction of the jury and of the trial court by proper interrogatories that the value of the land not appropriated was not less for any purpose for which it was adaptable, but was greater for all such purposes, immediately after than it was immediately before the improvement. And we perceive no sufficient reason to warrant interference with the verdict in this respect. For except for substantial cause this court declines to interfere with verdicts of juries upon questions of fact submitted for their determination.

Of course it is not improper or irrelevant to the issues to introduce evidence to maintain the right to compensation to show in cases of this sort the adaptability of the land for any legitimate purpose as an element of the damages sustained, and as such an element the cost of grading or filling the ground, or any part thereof, to conform to the grade, when such conformation is made necessary by the altered conditions to preserve the property from further injury and render it fit for enjoyment, as held in *Godbey* v. *Bluefield,* 61 W. Va. 604, and *Harman* v. *Bluefield,* 70 W. Va. 129, relied on as sustaining plaintiff's contention. But this proof was admitted and presumably considered by the jury in arriving at the conclusion reached by them. But, as said in the Godbey case, the facts so proved are to be considered only in subordination to the true rule for the measurement of damages in this character of cases, and hence not as controlling upon the merits.

Respecting the appropriation of any part of the surface of the land outside of the right of way, our conclusion is the same for these reasons. Whether or not there was such an appropriation or unlawful invasion of the plaintiff's proprietary rights in the residue of the land is involved to some extent in doubt and uncertainty, the solution of which was peculiarly within the province of the triers of the fact. Bonar and Bartrug, civil engineers and doubtless equally competent, one called by plaintiff to testify in her behalf, the other by defendant in its behalf, swear positively and unequivocally, the first that there was such an invasion, the second that there was not. The jury was compelled to give

credence to one and withhold it from the other, or believe both and decide for defendant on the ground that the burden of proof devolved upon the former and that she failed to carry that burden successfully or to their satisfaction.

There is the same conflict in the testimony relative to the impairment of the embankment on the east side of the road. Some proof tends in an appreciable degree to show plaintiff's participation in the removal of sand and gravel from the embankment for commercial purposes, and if not by her directly, with her knowledge and consent, and none to show defendant's participation therein except as incidental to the improvement. Indeed defendant or some member of the court forbade the removal of sand and gravel from the embankment and sought to prevent it. The testimony puts out of the region of conjecture the possibility that the impairment of the lateral support, the subsidence of the surface, and the enlargement of the space between the summits of the opposite embankments, of which complaint is made, if any of these results have taken place, were not solely because of anything done or knowingly permitted to be done by defendant. The land seems to contain valuable commercial deposits of sand and gravel and much of both has been taken and sold to satisfy local demands, and some shipped to market elsewhere. But it does not appear that defendant' was the active agent in producing these results. Plaintiff or her predecessors in title removed or caused or permitted the mining and removal of sand and gravel from the west side of the road to such an extent that it became necessary to erect a barrier to prevent injury to travelers using the highway by reason of the encroachment due to such operation on that side, and to a less extent on the east side these same materials had been removed in a similar manner. The conflict in the proof adduced at the trial upon this phase of the case was soluble only by the jury and their finding is entitled to due consideration and respect.

There can be no doubt, however, of the impairment of the means of access to the land from the road. But if it be true, as the jury certainly found the fact to be as one of the issues, indeed the real issue in the case, that the impairment

has wrought no change in the true and actual value of the
land considered in its entirety and with respect to the altered
condition of the highway, then plaintiff has not suffered any
injury requiring defendant to respond in damages, notwith-
standing the inconvenience of access and the expenditure
necessary to restore a way of approach to the land and resi-
dences thereon. This she has done and complains now only
because the ways are less convenient and of an increased
grade. Just what she spent in this regard she does not ad-
vise us. For the greater distance through the land access to
the surface is not impaired to any appreciable extent. While
the road bed and surface along that distance was approxi-
mately on the same level before the improvement, the road
now is only two or three feet and at no point more than five
or six feet below the surface of the land. The more material
change in the relative situation of the road and surface is at
the south or Moundsville end or part of the highway, and that
only for a distance of three or four hundred feet. But
all these matters have been determined against plaintiff by
the procedure prescribed by law for that purpose.

She further complains because the court refused to grant
her motion to permit the jury to view the premises located
within a short distance of the court house where the trial
was had. But the right to demand a view of the place in
question in any case, conditionally authorized by section 30,
ch. 116, Code, is peculiarly discretionary, not imperative, and
the refusal is not cause for reversal unless it is clearly man-
ifest that the view was necessary to a just decision and that
probable injury resulted from the denial of the motion.
*Balto. & Ohio R. R. Co.* v. *Polly, Woods & Co.,* 14 Gratt.
447; *Gunn* v. *Ohio River R. R. Co.,* 36 W. Va. 165; *Davis* v.
*Telephone Co.,* 53 W. Va. 616; *Bond* v. *Fire Insurance Co.,*
77 W. Va. 736. There is no such showing here.

We are unable to discover in the record the refusal cited
by counsel to permit the witness Bloyd to answer any ques-
tion propounded to him on cross-examination. The court
did at first sustain an objection to the question but finally
permitted the witness to answer and he did answer it. Nor
do we think there is error in the ruling upon the motion to

exclude the testimony of the witness Hooton. The motion was general and included all he said touching the changed conditions of the land and its adaptability to certain purposes. In the main his testimony was proper and relevant to the issues involved in the trial, and if he did admit lack of actual personal knowledge as to some matters concerning which he was interrogated, that admission only affected the weight and not the competency of his testimony. The same is true as to the testimony of the witness Jones referred to by counsel. Nor did the court err in ruling upon the question propounded to the witness Dowdell; nor on instructions given or refused. Of these there are only two referred to in the brief of counsel. One of them concerns lateral support, already discussed. The theory presented in the other is propounded in another asked and given on behalf of plaintiff in error. The instruction regarding lateral support, refused, involved a situation for which, as we have said, plaintiff and others were to some extent responsible according to a reasonable interpretation of the evidence taken in its entirety except as excluded by the court.

The numerous authorities cited by counsel we have examined, and find the principles of law stated in many of them to be sound, but we think the case is to be determined upon the facts presented for the consideration of the jury and does not involve any new legal principles except those contained in the instructions given, of which no complaint is made. Because deemed unnecessary we do not discuss the proposition concerning the application of a different principle to rural roads and city streets as to liability for the changes of grade. Some authorities agree with the trial judge relative to the recognition of such a difference. Elliott, Roads & Streets (3d Ed.), § 482, and cases cited. But as we have said, this case is to be determined by its facts, and there is no necessity to discuss novel questions of law.

Judgment affirmed.

*Affirmed.*