# CHARLESTON.

### CITY OF MARTINSBURG *v.* FRANK C. MILES.

Submitted January 9, 1924.   Decided January 22, 1924.

1. MUNICIPAL CORPORATIONS—*Private Awning or Shed Over Sidewalk Held Public Nuisance.*

   Where a defendant, without legal authority, has erected a private awning or shed, covered with corrugated iron and supported by posts near the curb, which awning or shed extends over the side walk of a public street in a municipality, said awning or shed constitutes a public nuisance, whether it interferes with the public travel or not.   (p. 394).

2. NUISANCE—*Answer Constituting No Defense to Bill for Abatement of Nuisance Should be Rejected.*

   The answer to a bill in chancery praying for the abatement of a public nuisance which fails to constitute a defense to the suit, upon objection by the plaintiff to the filing of the same, should be rejected and not permitted to be filed.   (p. 396).

3. MUNICIPAL CORPORATIONS—*Answer Held to State No Defense to Bill to Abate a Public Nuisance.*

   Where an answer to a bill in chancery praying for the abatement of a public nuisance, erected and maintained in City of Martinsburg, in and over public street thereof, sets up, as a defense to the suit, that the structure complained of was erected and is maintained under and by virtue of an ordinance, and permission granted by the common council of said city, and it appears that the charter of said city did not authorize the said council to pass said ordinance

and permission, said answer fails to state a defense to said suit, and an objection to the filing of the same should be sustained.   (p. 395).

4.   SAME—*Unauthorized Ordinance Permitting Erection in Street Revocable.*

An unauthorized ordinance of the City of Martinsburg, permitting the erection of a private awning or shed over and upon the public side walk of the city, may be revoked at any time by the common council of said city.   (p. 395).

Case certified from Circuit Court, Berkeley County. · Suit by the City of Martinsburg against Frank C. Miles. An order was made overruling an objection to the answer, as not constituting a defense, and the questions certified.  .

*Reversed.*

*J. O. Henson,* for plaintiff.
*J. Nevin Kilmer,* for defendant.

McGINNIS, JUDGE:

This case is certified here from the Circuit Court of Berkeley County, on the sufficiency of the answer of the defendant to the plaintiff's bill.

The bill in the case charges that the defendant is obstructing a public street in the City of Martinsburg by maintaining a shed, or awning, over the side walk of the same, and alleges that the plaintiff is a municipal corporation; that it has existed as such corporation since 1778, prior to which time certain real estate in the County of Berkeley was laid off into lots and streets; that among the streets so laid off was a street known as Martin Street, running east and west, and a street known as Spring Street, running north and south; that at the northeastern intersection of said streets is located the property of the defendant; that said Martin Street was established, as a street, in 1778 and has from that time been continued as a street of said city, legally dedicated and accepted; and that the defendant owns a certain piece of real estate on the north-east corner of Martin and Spring Streets fronting on Martin Street for a distance of about fifty feet; that the defendant, or his predecessors in title, has caused

to be erected in front of his said property on Martin Street a certain shed, or obstruction, over the side walk from said property to the curb line, and caused to be constructed certain posts, which are near the curb line, to support the said shed, obstructing and interfering with the use of said streets; that the defendant still maintains the same without right to do so; that the plaintiff, by its common council, has ordered the said defendant to remove said obstruction, and it has caused numerous notices to be served on the defendant to remove the same and that defendant has failed to remove the same, and that said shed continues as a nuisance and obstruction in said street; and plaintiff charges that in addition to being an obstruction and a nuisance the said shed constitutes a dark place for loiterers to congregate, and is dangerous to the citizens of said city; that the portion of the street occupied by said shed and posts has always been recognized and used as a part of said Martin Street, and has always been so considered, and prays for a mandatory injunction requiring the defendant to remove said shed and posts, and for general relief.

There was a demurrer to the bill which was over-ruled by the court and the defendant answered, and the filing of the answer was objected to by plaintiff for the reason that it does not constitute a defense to the suit, which objection was over-ruled by the court and the answer allowed to be filed. The lower court certifies to this court the question as to the sufficiency of said answer, and the question here to be decided is: Does the answer constitute a defense to this suit?

The answer admits practically all the material allegations in the bill, except it denies that the shed and posts constitute a nuisance and that they are an obstruction in the street, and denies that the shed referred to constitutes a dark place for loiterers to congregate, and that it is dangerous to the safety of the citizens of the city; and alleges that the defendant is now and has been occupying the street by permission of the common council of the city; that on April 17, 1884, the common council made and adopted the following ordinance, "On motion of Mr. Grozinger it was ordered that hereafter all

awnings to be erected shall not be less than 8 feet at the curb, and be covered with canvas or corrugated iron;" that said ordinance has not been repealed and is in full force and effect; that the defendant applied to said common council for permission to erect a structure or awning, and the said council granted said permission on the 7th day of April, 1887, by an order in the following words: "On motion permission was given Messrs. Miles and Quenzel to erect corrugated iron roof awnings in front of their respective places of business, under the supervision of the chairman of the street committee;" that the defendant erected the awning complained of in conformity with said ordinance and permission, and that said awning has continued with minor repairs in like conformity until the present time; that said structure is supported by several posts, is in good repair and has been maintained by him since its erection in 1887. Defendant further says that, under the authority of the said ordinance and like permissions, numerous awnings have been erected in said city, and on said Martin Street. The answer further says that the plaintiff has recently made several requests for the removal of said structure and he is advised that the common council has passed several informal orders ordering defendant to remove said structure and awning; that by reason of the fact that the ordinance of April 17, 1884 has not been repealed or abrogated as to his property in reference to said structure, said requests and orders and all proceedings of said council upon which they may have been based are unreasonable, arbitrary and especially discriminative in that they were not of a general nature, applicable generally to all persons and properties in like circumstances and conditions; that there are other persons on the same street who have and maintain awnings of a similar nature and that proceedings have been instituted against only one other property for the removal of a like awning although like structures are maintained by numerous other persons, who likewise should be included in any ordinance covering the matter.

At the time the ordinance of April 17, 1884 was passed regulating the manner in which awnings thereafter to be built, should be constructed, the common council of the town was acting under its charter passed by the legislature on February

29, 1868, ch. 80 acts 1868. In addition to the powers conferred by this charter, the common council was given the authority to carry out the powers conferred by sec. 25 of ch. 54 of the Code of Virginia 1860. There is no power conferred upon the common council either under the charter or under the section of the Code of Virginia referred to, whereby said council could grant to a private person the right to permanently occupy any portion of the public street, and we find that no such authority was conferred upon the common council of said town at the time the permission to erect the awning or shed referred to was granted to the defendant on April 7, 1887. It appears, from the answer, that the awning complained of in plaintiff's bill has been maintained by the defendant since its erection in 1887. The ordinance of 1884 does not confer a right to erect awnings in the street or over any portion thereof. Evidently awnings had been erected with, or without, permission from the council before that time, and this ordinance merely limits the height of those to be thereafter built, and prescribes the manner in which they are to be covered. This ordinance cannot be construed to be a general ordinance conferring authority to build awnings over the streets or side walks of the city, and if it could be so construed, the council of the city acted *ultra vires* when it passed the ordinance permitting defendant to erect the shed or awning over the side walk. This Martin Street of the City of Martinsburg is not only a public street for the use of the inhabitants of the city, but it is a public highway under the law and may be used by all who desire to use the same·for the public purposes for which it was established and used, and such a structure as is described in the plaintiff's bill and defendant's answer, erected without legal authority, is a public nuisance whether it materially interferes with public travel or not. *Davis et al. v. Spragg,* 72 W. Va. 672.

The permission by the council to erect the same was given without legal authority, and the length of time it has been erected and used by the defendant, and the fact that other persons on the same street of said city maintain like structures over the side walks of the same, will not validate the ordinance or prevent the city from revoking the ordinance and permission at any time.

In the case of *Davis et als.* v. *Spragg,* cited above, Judge WILLIAMS, in the opinion of the court, says:

"But it is admitted that the porch extends out over the street line about nine feet and is supported by four-inch iron posts resting on the side walk. This of itself is enough to show that it is a public nuisance. Any unlawful encroachment upon or over a public highway, whether actually interfering with travel by the public or not, is a purpresture and a nuisance *per se,* and the jury are not at liberty to determine whether such encroachmnt amounts to a public nuisance by the measure or inconvenience the public may suffer from it. 2 Elliott on Roads and Streets, Sec. 828. This rule is abundantly supported by adjudicated cases. For instance, an awning over side walks, *Hibbard & Co.* v. *Chicago,* 173 Ill. 91; a bay window extending eighteen inches into the street, *The People* v. *Harris,* 203 Ill. 272; a bay window sixteen feet above the side walk extending three feet and four inches over the street line, *Reimer's Appeal,* 100 Pa. St. 183; pillars in front of a building, extending twenty-two inches onto the side walk, *Bank* v. *Tyson,* 133 Ala. 459, 59 L. R. A. 399; and *Biscof* v. *Bank,* 75 Neb. 838, 106 N. W. 996, have all been held to be public nuisances."

Again the court says in this case:

"Moreover, the occupation of the highway. in this instance is for purely a private purpose. Even where a city is given exclusive power over its streets, such power must be exercised for the good of the general public, and a city can not authorize obstructions in its streets for merely private purposes." (Citing many cases.)

In this case it appears, from the answer, that repeated notices have been given the defendant to remove said obstruction and he has failed to comply with the requirements of said notices. We are, therefore, of the opinion that the answer filed in this suit fails to make a defense to plaintiff's bill, and the lower court erred in permitting it to be filed. It will be so certified to the lower court.

*Reversed.*