STATE OF WEST VIRGINIA *v.* WILLIAM C. JACOBS, *et als.*

(No. 8913)

Submitted October 3, 1939. Decided November 14, 1939.

*Pinsky & Mahan,* for plaintiffs in error.

*Clarence W. Meadows,* Attorney General, and *Forrest B. Poling,* Assistant Attorney General, for defendant in error.

HATCHER, JUDGE:

This writ of error involves the admission and rejection respectively of offers by the State Road Commission to owners of land not taken, but affected, by highway construction, and the weight of evidence.

The defendants (below) own land a short distance from Wellsburg, fronting 400 feet on the Washington Turnpike, which for a number of years has been graded and hard-surfaced. The frontage was practically on a level with the roadway and suitable for attractive dwelling lots. The Commission recently changed the grade of the road in front of the property in this manner: by a fill approximately 300 feet long, commencing near one end, rising to a height of about four feet, and tapering down gradually to the original grade; and from there by a cut deepening gradually until it is about six feet deep at the other end. Thus the change caused one section of the road to be higher than the property, and the other, lower.

A petition was filed by the Commission to condemn a strip of land which was alleged at one place to belong to defendants, and at another to be within the right of way of the road, and for which—"the parcel proposed to be taken"—the "owners" were offered $500.00. Commissioners were appointed who reported that $1750.00 would be a just compensation "for the easements proposed to be taken." Both parties excepted to the report. Thereupon, the Commission filed an amended petition which stated that nothing was sought to be taken, set up the road

grade changes along defendants' property, and their claim of damages by reason thereof, and prayed that the damages, if any, be ascertained. The report of the commissioners was amended to show that $1750.00 would be just compensation to defendants for the damages caused by the road grade changes. A trial followed, resulting in a verdict and judgment for the Commission.

Defendants allege error because they were not permitted to ask a witness whether or not the Commission had offered them $500.00 in satisfaction of their damages. What the answer would have been is not vouched. If the offer referred to was one of compromise to avoid litigation it was inadmissible; if the offer was the one contained in the original petition herein, it was based on a misunderstanding of the facts, and is likewise inadmissible.

Error is again alleged because the court admitted testimony that the Commission offered to fill the land adjoining the road until level with the present grade, and that defendants rejected the offer because if the depression were filled, their damages would be reduced. Defendants admitted the offer, but denied the reason given for rejecting it. The court refused, on motion of defendants, to strike out this testimony when first admitted, but did instruct the jury that a property owner was not required to accept such an offer. Later, testimony was again admitted, over objection of defendants, as to the offer and the reason for its rejection. At the close of all the evidence the court again (orally) instructed the jury that defendants were not required to consent to the fill. We are of opinion that the instruction of the court did not go far enough, and that failure to definitely exclude the testimony of the offer as inadmissible was prejudicial to defendants.

Jury findings in such cases are usually upheld. Here, some witnesses at the trial were of opinion that the property suffered no damages; but the *res*, speaking for itself, tells unmistakably of injury. The value of the property was necessarily lessened to some extent, by causing it to be partly above and partly below the surface of

the road, and by imposing on a view from it the unsightliness of the cut and the fill. No special benefit to the property is shown, and the general benefits from improving the highway cannot be offset against damages of this character. It was for the jury to determine the extent of the injuries here, and whether great or small, to award proportionate damages.

The judgment is reversed, the verdict set aside and the action remanded.

*Judgment reversed; verdict set aside; action remanded.*