STATE OF WEST VIRGINIA, *etc.*

*v.*

C. SANDERS *et al.*

(No. 9645)

Submitted September 11, 1945.    Decided December 4, 1945.

*Ira J. Partlow*, Attorney General, *W. Bryan Spillers*, Assistant Attorney General, and *H. G. Williamson*, Special Assistant Attorney General, for plaintiff in error.

LOVINS, PRESIDENT:

The State of West Virginia by the State Road Commission of West Virginia, hereinafter called "applicant", filed a petition in the Circuit Court of Boone County, praying that commissioners be appointed to ascertain the damages to the lands of C. Sanders and Elizabeth Sanders, hereinafter called "respondents". Commissioners, appointed pursuant to the petition, reported that the amount of respondents' damage was three hundred fifty dollars. Upon respondents' exception to the report, a trial by jury was had, resulting in a verdict of fifteen hundred dollars in favor of respondents, which was set aside by the trial court. The judgment of the trial court in setting aside the verdict was affirmed by this Court. *State* v. *Sanders*, 125 W. Va. 143, 23 S.E. 2d 113.

When the proceeding was remanded, another jury trial resulted in a verdict for respondents in the amount of seventeen hundred fifty dollars. The trial court overruled a motion to set aside the verdict and entered judgment thereon. Applicant was awarded this writ of error.

The land of respondents, situate in the Town of Madison, abuts on U. S. Route No. 119 for about one hundred twenty feet. Prior to the time the work was commenced, a retaining wall had been erected extending along sixty feet of the frontage, which wall encroaches from eight to twelve inches on the road right of way. There was a natural slope from respondents' land into the right of way along and in front of the remaining sixty feet. In regrading, widening, and repaving the highway the retaining wall was damaged to such an extent that the wall cracked and, according to the respondents' testimony, was in such condition that a new wall must be

erected. The slope was excavated to or near respondents' property line so that there is now an abrupt declivity approximately seven feet in height in front of one-half of respondents' land. No land belonging to respondents was taken, and the questions here presented relate to the damage, if any, done to respondents' land. No evidence appears in the record to show that a paper grade for the road had been established. A witness for applicant testified that the grade of the road was raised two inches at one point and eight inches at another.

The witnesses for respondents gave varying opinions of the value of the land immediately after the road improvement, ranging from fifteen hundred to twenty-five hundred dollars; but all of the opinions expressed by the witnesses as to the difference in value were predicated upon the cost of constructing a retaining wall along the entire frontage of respondents' land. No evidence is disclosed by the record showing that the land of respondents has cracked, slipped or subsided. A stratum of rock underlies respondents' land to a depth of about one foot along the steep declivity mentioned above. Likewise there is no showing that respondents have been deprived of ingress and egress to and from the road. According to the testimony, it will cost approximately twenty-five hundred dollars to construct to retaining wall along the entire one hundred twenty-foot frontage. For statement of additional facts see opinion in *State* v. *Sanders, supra.*

Five errors were assigned by applicant as grounds for reversal of the judgment. The first two are predicated upon the admission of testimony relative to damage to the existing retaining wall and injury to respondents' land caused by the excavation of that part of the slope in the right of way and will be discussed together. It is contended that since applicant is not liable for damages to the retaining wall or for the removal of the slope within its own right of way, they are not proper elements of damage to be considered by the jury in arriving at its verdict, and that it was error to permit

consideration thereof as showing damage to respondents' land. The elements of damage to land which may be considered in a proceeding in eminent domain, are so closely connected with the measure of damages that we deem it necessary to advert to and restate the rule by which damages are measured. The present unsettled state of the law of this State with respect to the measure of damages to the residue of land, where only a part thereof is taken, as well as where no land is taken, but damaged, calls for a determination of the proper rule to be applied. See Editor's note Vol. 3, Permanent Supplement, Michie's Digest, page 121 and 46 W. Va. Law Quarterly 320.

We think the same rule should apply in measuring damages to the residue of land where a part thereof is appropriated for public use, as well as in a situation where no land is taken, but damages result from the construction of the improvement wholly on the land or on an easement belonging to the condemnor. The fifth point of the syllabus in the case of *Jones* v. *City of Clarksburg*, 84 W. Va. 257, 99 S.E. 484, states the rule formerly applicable to a change in grade, where no land is taken as follows: "The true measure of damages to property abutting on a public street, occasioned by a change in the grade thereof, is the difference between the value of the property immediately before, and its value immediately after, the street improvement, special or peculiar, but not general, benefits to the property being considered in the latter value." At the time of the decision in the *Jones* case, the applicable statute required that special or peculiar benefits be set off against the diminished value of the land damaged for public use. Chapter 81, Acts of the Legislature, 1901. See also Chapter 80, Acts of the Legislature, 1882; Chapter 42, Section 14, Barnes' Code, 1923; Code 54-2-9. By a subsequent legislative enactment commissioners appointed to assess damages in condemnation proceedings were required to set off against damages to the residue of the land *all benefits* derived by such residue from the work

to be constructed. Chapter 28, Acts of the Legislature, Regular Session, 1933. When the question of damage is submitted to a jury it is governed by the same rule. Code, 54-2-10.

The right of eminent domain is inherent in the government of this State. Section 9, Article III of the Constitution is a limitation on that right and provides in part; "***** the compensation to the owner shall be ascertained in such manner, as may be prescribed by general law; *****." By way of *dictum* this Court has said:· "The Constitution guarantees ultimate compensation, but the legislature may make reasonable provisions for the ascertainment and payment thereof." *Hardy* v. *Simpson*, 118 W. Va. 440, 442, 190 S.E. 680. Decided cases from other jurisdictions are meager. It has been held that after proceedings in eminent domain have commenced, but before trial, the right to any benefits as an off-set may be eliminated by the legislature. *Railway Co.* v. *Hall*, 67 Ill. 99. The legislature in providing for the exercise of eminent domain may, in its discretion, forbid any benefits to be considered as off-sets against damages to land. *Miller* v. *City of Asheville*, 112 N. C. 759, 16 S. E. 762, 764. Methods for the ascertainment of a just compensation to a landowner in proceedings in eminent domain being procedural may be changed by the legislature without depriving the landowner· of any constitutional right. *Elks* v. *Board of Com'rs*, 179 N.C. 241, 102 S.E. 414; *Goode* v. *City of Asheville*, 193 N.C. 134, 136 S.E. 340; *Town of Ayden* v. *Lancaster*, 197 N.C. 556, 150 S.E. 40. This Court in the case of *Peddicord* v. *County Court*, 121 W. Va. 270, 3 S.E. 2d 222, applied the measure of damages as laid down in the case of *Jones* v. *City of Clarksburg, supra,* to a case where the removal of lateral support was involved. It is stated in the opinion in the case of *State* v. *Jacobs*, 121 W. Va. 592, 5 S.E. 2d 617, that general benefits from improving a highway are not to be off set against damages from grade changes along the landowner's property.· In the case of *Hardy* v. *Simpson*,

*supra,* it was said by way of *dictum* that: "where there are peculiar benefits to the property, the same may be set off against damages." It seems that Chapter 28, Acts of the Legislature, 1933, was unnoticed, or at least it was not mentioned in the cases decided subsequent to its passage. We can see no escape from the conclusion that the legislature in passing the Act of 1933 modified the former rule. We therefore disapprove the fourth point of the syllabus in *Peddicord* v. *County Court, supra,* and the statements in the opinions in the cases of *State* v. *Jacobs, supra,* and *Hardy* v. *Simpson, supra,* and restate the rule for the measure of damages in such instances as follows: The measure of damages to property abutting on a public highway, occasioned by the improvement of such highway, is the difference between the value of the land immediately before, and its value immediately after the construction of the work, all benefits to the property being considered and included in the latter value.

What are the proper elements of damages to be considered in this case? The change in grade of the road of two and eight inches, respectively, affords no basis for an inference of damages arising from such change. *Harvey* v. *Huntington,* 103 W. Va. 186, 136 S.E. 840. Were respondents deprived of lateral support for their land? We stated in the former opinion: "The question of lateral support apparently does not arise, it not having been treated as an element of damages." *State* v. *Sanders, supra.* The record in the case at bar does not disclose that the land of respondents has cracked, slipped or subsided, or that there is reasonable apprehension of any future injury to the land. The work of improving the road was commenced in 1935, completed in 1936, and the trial shown by this record was had on October 13, 1943. Certainly the lapse of eight years after the completion of the work is sufficient time to show the possibility of future injury caused by the damage to the retaining wall, or the removal of the slope in the right of way. No facts are shown by this record upon which

to base a conclusion that the retaining wall is necessary to fit respondents' property for use and enjoyment. The testimony of one witness shows that respondents' land had "sloughed off", but no other witness mentions that fact. All of the witnesses assume that the retaining wall is necessary, but state no facts upon which such assumption is predicated. It is true that the cost of a retaining wall, when necessary to protect the property from further damage and fit it for use and enjoyment, is a subordinate element of damages to be considered in applying the measure thereof. *Godbey* v. *City of Bluefield*, 61 W. Va. 604, 610, 57 S.E. 45; *Harman* v. *Bluefield*, 70 W. Va. 129, 73 S.E. 296; *Rutherford* v. *City of Williamson*, 70 W. Va. 402, 408, 74 S.E. 682; *Traction Co.* v. *Windom*, 78 W. Va. 390, 392, 88 S.E. 1092; *Compton* v. *County Court*, 83 W. Va. 745, 748, 99 S.E. 85; *Jones* v. *City of Clarksburg*, *supra*. But the cost of a retaining wall or other structure is only an element tending to show damages, is not the measure thereof, and cannot be recovered specifically. 2 Lewis Eminent Domain, 3rd Ed. 1307; see, 2 Nichols on Eminent Domain, 2d Ed. 877. Practically all that is shown in the instant case is the existence of the seven-foot declivity, damage to the retaining wall, and the cost of a new retaining wall. We think respondents should have been required to go farther, and show that such wall is required to prevent further injury to the property or to fit it for use and enjoyment. This was not done, and therefore it was error to submit the case to the jury upon the assumption that an entire new wall should be constructed and that the cost thereof should be considered as an element of damages to respondents' land. Especially is this true when it is considered that part of the existing retaining wall encroached on the State's right of way. We held in the case of *State* v. *Sanders*, *supra*, that no damages may be allowed respondents for the removal of steps constructed in the right of way and removed therefrom by applicant. As establishing the same principle, see *Jones* v. *Clarksburg*, *supra*. We think the same rule is applicable to the existing retaining wall in

this instance, it being partially in the right of way. See *Martinsburg* v. *Miles*, 95 W. Va. 391, 121 S.E. 285; *Davis* v. *Spragg*, 72 W. Va. 672, 79 S.E. 652; 2 Elliott on Roads and Streets, Fourth Ed., Section 828. The damage to the existing retaining wall, if any, is not compensable, if the work which occasioned the damage was prudently and reasonably done. *Jones* v. *Clarksburg*, *supra.* It is not disclosed by the record that applicant's agents in doing the work acted arbitrarily or wilfully in disregard of respondents' rights, but on the contrary the undisputed testimony shows that care and prudence were exercised so as not to disturb the respondents' existing wall. Therefore, it was error to permit the jury to consider the evidence of damage to the wall now constructed in front of respondents' land. Of course, if respondents can show the necessity for a retaining wall along the sixty-foot frontage where the declivity now exists in accordance with the principles herein stated that may be considered as an element of damages sustained by them.

The remaining assignments of error are: (a) That the court erred in admitting the testimony of Leff Sutphin, a witness for respondents, on the ground that he was not qualified to give an opinion as to the value of the land; (b) in refusing to give instruction No. 4 tendered by the applicant; and (c) in adjudicating costs against applicant.

Sutphin testified, without contradiction, that he had knowledge of the value of land in the Town of Madison; that he owned no land therein, but did own land in other parts of Boone County. He made no comparison of the value of land in the Town of Madison and the value of land in the vicinity of the lands which he owned. Was he qualified to express an opinion? While the witness' qualifications may be meager, we cannot say that his opinion as to the value of land in the Town of Madison was not based on adequate knowledge. *C. & O.* v. *Allen*, 111 W. Va. 481, 163 S.E. 22. He was to some extent qualified, and the court committed no error in ad-

mitting his testimony. *Railroad* v. *Coal Co.*, 75 W. Va. 423, 444, 83 S.E. 1031.

The court refused to give instruction No. 4 tendered by applicant, which reads as follows: "The court instructs the jury that the State of West Virginia or its agents may remove or cause to be removed any obstruction on the public right-of-way whenever it interferes with the *consumation* of a contemplated improvement of a street whatever may be the character of the impediment." The foregoing instruction states a correct principle of law. *State* v. *Sanders, supra; Jones* v. *Clarksburg, supra.* But it is a legal abstraction, having no connection with the facts adduced in evidence, and may apply to any case wherein the occupancy of a right of way for a public road by a privately owned structure is involved. Being abstract, it was not error to refuse to give such instruction. *Deitz* v. *County Court*, 122 W. Va. 296, 8 S.E. 2d 884; *Jones* v. *Smithson*, 119 W. Va. 389, 193 S.E. 802; *Parker* v. *Building & Loan Ass'n*, 55 W. Va. 134, 46 S.E. 811; *McDonald* v. *Cole*, 46 W. Va. 186, 32 S.E. 1033.

Was the action of the court in adjudicating costs against the State error? It is a general rule that a sovereign is not liable for costs in actions or suits to which it is a party, unless there is express statutory authority creating such liability. 14 Am. Jur., Costs, Section 34; *Governor* v. *Powell and Bradly*, 23 Ala. 579; *State* v. *Kinne*, 41 N. H. 238; *State* v. *Williams*, 101 Md. 529, 61 A. 297; *Deneen* v. *Unverzagt*, 225 Ill. 378, 80 N.E. 321; 42 L.R.A. 41, note. It is the opinion of the court that statutory authority to adjudge a recovery of costs against the State in a proceeding in eminent domain is expressly conferred by the following: "* * * the State of West Virginia * * * shall have the right of eminent domain, and may exercise the same to the extent and in the manner provided in this chapter, and subject to restrictions and limitations provided by law." Code, 54-1-1. "* * * In cases not otherwise provided for, the applicant shall pay the costs of the proceedings." Code, 54-

2-16. We find no statute contrary to the above quoted provisions of Chapter 54. The quoted provisions of the statute when read together are sufficiently express to create the liability of the State for costs in a proceeding in eminent domain. The writer, however, is of opinion that said provisions are not sufficiently express to authorize an adjudication of costs against the State in a proceeding in eminent domain.

For the reasons stated herein, the judgment of the Circuit Court of Boone County is reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*