# Richmond

ETHEL FRYE DRESSLER, ET AL. v. CITY OF COVINGTON.

January 15, 1968.

Record No. 6530.

Present, All the Justices.

*William T. Wilson* (*Hale Collins*, on brief), for appellants.

*William E. Carson* (*Stephenson, Kostel, Watson and Carson*, on brief), for appellee.

EGGLESTON, C. J., delivered the opinion of the court.

The City of Covington filed a petition in the court below seeking to condemn a part of the land of Ethel Frye Dressler and others for widening Alleghany Avenue, along which runs State Highway 220.

Commissioners were appointed and after they had heard the evidence and viewed the property they awarded the owners $10,550 for the value of the land taken and $150 for damages to the residue, or a total of $10,700. The lower court entered judgment on this award and the owners have appealed, claiming that the court erred in refusing to admit certain evidence offered by them and in refusing to grant an instruction requested by them.

The evidence shows that the Dresslers own a lot fronting about 116 feet on the eastern side of Alleghany Avenue, or State Highway 220, and running back between parallel lines to a depth of 219 feet along the northern line and 174 feet along the southern line. On this lot there was a two-story concrete block dwelling along the front of which ran a rock wall. In order to widen the street the city sought to condemn a strip of land about 40 feet wide across the front of the property. This necessitated that the dwelling and rock wall be torn down and a new dwelling erected in the rear of the site of the former dwelling and fronting on the newly improved street. Some trees and shrubs also had to be removed. The hearing with which we are concerned was held shortly after this new dwelling had been completed. The plans for the improvement show that a concrete sidewalk was to be constructed along the eastern side of the new street and in front of the property. The land between the front of the new dwelling and the sidewalk was to be graded and sodded.

The main controversy before the commissioners was whether the taking resulted in any damage to the residue of the property, and, if so, what amount should be awarded therefor. A witness for the city and three of the four witnesses for the property owners testified that the taking resulted in no damage to the residue. A single witness for the owners testified that there was a resulting damage.

Relative to the damage, if any, to the residue, one of the issues was whether it was necessary that a retaining wall be built across the front of the property between the new dwelling and the new sidewalk to replace the wall which was removed.

Joe Wingate, a witness for the city, and George Garten, one of the witnesses for the property owners, testified that the old wall was not in fact a retaining wall but was merely ornamental. The fair inference from their testimony is that a new retaining wall was not necessary. Wingate testified that a new retaining wall would not appreciably affect the fair market value of the property.

On the other hand, Calvin D. Dressler, a witness for the property

owners, testified that a new retaining wall was necessary and that unless it was constructed there would be a "steep incline" in front of the property and "you'd go right in the road." He estimated that the difference in the value of the property with or without the wall "would be around $1500."

O. E. Parker, a witness for the property owners, testified that unless the retaining wall were built there would be "quite a terrace" in front of the property. Garten testified that "possibly" such a new wall would affect the fair market value of the property.

During the examination of the witnesses Dressler and Parker, each was asked to state the cost of the erection of a retaining wall on the property. In each instance, the lower court sustained an objection to the question, because, it said, such an item was not recoverable in this proceeding; that the issue before the commissioners was the damage, if any, to the residue which should be measured by the difference in value, if any, between the property before and after the taking.[1] The refusal of the court to permit these witnesses to testify as to such cost is the subject of one of the main assignments of error.

[1] It is well settled that in determining the diminution of the market value of the land not taken or the damages thereto, it is proper to consider the expense made necessary by reason of the improvement in adjusting the property to the changed conditions brought about by the taking. 27 Am. Jur. 2d Eminent Domain § 314, p. 133; 29A C. J. S. Eminent Domain § 274, p. 1217; *Long* v. *Shirley*, 177 Va. 401, 415, 14 S. E. 2d 375, 381 (1941). However, such cost is not the measure of damages and cannot be recovered specifically. In other words, evidence of the actual cost of necessary improvements is admissible as a factor of evaluation, though not as a measure of damages. *State* v. *Sanders*, 128 W. Va. 321, 36 S. E. 2d 397, 400 (1945).

*State* v. *Sanders, supra,* involved a situation quite similar to that with which we are here concerned. It was there held that "the cost of a retaining wall, when necessary to protect the property from further damage and fit it for use and enjoyment, is a subordinate element of damages to be considered in applying the measure thereof," but that such cost "is only an element tending to show damages,

---

[1] Without objection on either side, the lower court instructed the commissioners that "a true test of damages to the residue is the difference in value immediately before and immediately after the taking; and in ascertaining such damages there may be considered every circumstance, present and future, which affects its value. Remote and speculative benefits and advantages, however, are not to be considered."

is not the measure thereof, and cannot be recovered specifically." 36 S. E. 2d at 400.

In the present case the issue of the necessity for the construction of the retaining wall was fully developed before and considered by the commissioners. They not only heard the conflicting evidence on the subject but went upon and viewed the property, and had the right to form their conclusions as the result of such view. *Kornegay* v. *City of Richmond*, 185 Va. 1013, 1024, 41 S. E. 2d 45, 50 (1947); *Appalachian Elec. Power Co.* v. *Gorman*, 191 Va. 344, 357, 358, 61 S. E. 2d 33, 40 (1950). In fixing the damages to the residue of the property at $150, the commissioners have manifestly rejected the testimony of Dressler that the retaining wall was necessary and that the difference in value of the property with or without the wall would be $1500. Apparently they were not impressed with the vague testimony of Parker as to the necessity for the wall. The commissioners have accepted the testimony of the witness for the city or concluded from their own view of the property that the retaining wall was not necessary or that failure to construct it would result in little damage to the residue.

Under the related circumstances we hold that the refusal of the lower court to permit the suggested evidence of the cost of constructing the wall was not prejudicial to the rights of the property owners. Viewed from their position such refusal, if error, was harmless.[2]

[2] Complaint is next made of the refusal of the lower court to permit evidence as to the cost of cleaning up "the front yard of the property." The record is silent as to why the necessity for cleaning up the property, the nature of the debris, whether it was left there as the result of the construction of the new dwelling or the improvement of the street, and who had the primary responsibility for removing it. In the absence of such clarification we cannot say that the ruling of the court in excluding evidence of such cost was erroneous.

[3] The final contention of the property owners is that the lower court erred in refusing to grant an instruction which would have told the commissioners that "in arriving at the damages to the residue of the tract, if any, they shall consider the reasonable costs, if any, of

---

[2] In the view we take of the matter it is unnecessary to pass upon the city's contention that the exception to the refusal of the lower court to admit evidence of the proposed cost is not reviewable by us, because the record fails to show what the witnesses would have said the cost amounted to. See Burks Pleading and Practice, 4th Ed., § 303, pp. 547, 548.

adjusting the residue of the property to the new conditions, and the *inconvenience*, if any, to which the landowner will be subjected in the future *operation of his property* caused by the taking and the new construction." (Emphasis added.)

The property owners argue that such an instruction was approved by us in *Long* v. *Shirley*, *supra*, 177 Va. at 415, 14 S. E. 2d at 381. That case involved damages to the residue of a tract of farm land occasioned by the construction of a highway which ran through it separating the residence, tenant house, barn and other customary buildings from a large portion of the farm. There was evidence that the construction of this highway interfered with the future operation of the farm. The instruction was applicable to the facts of that case and properly granted. It does not fit the present case because no inconvenience or interference with the operation of the owners' property is here involved.

We are convinced from a reading of the record that there is no prejudicial error in the proceedings, that the evidence was fully and fairly presented before the commissioners, that they were properly instructed, and that after a consideration of the evidence and viewing the property they have made an award which is not claimed to be substantially inadequate.

The judgment is

*Affirmed.*