374 S.E.2d 719

**STATE of West Virginia**

v.

**Billy THOMAS, Jr.**

No. 18314.

Supreme Court of Appeals of West Virginia.

Nov. 7, 1988.

---

William J. Akers, Princeton, for Billy Thomas, Jr.

Charles G. Brown, III, Atty. Gen., for appellee.

PER CURIAM:

Billy Thomas, Jr. was convicted of delivery of a schedule II controlled substance, Oxycodone, also known as Tylox, in violation of *W.Va. Code,* 60A–4–401 [1983] by the Circuit Court of Mercer County. Mr. Thomas now appeals his conviction alleging the trial court erred in permitting a jury view of the scene after the case had been submitted to the jury without permitting him to make a subsequent statement to the jury and without allowing a partial reenactment. We find no merit in his allegations and affirm his conviction.

About 10:30 p.m. on June 3, 1986, Steve Staton, an undercover police officer, and Beverly Wallace, a police informant, were parked in the Princeton Pizza Inn parking lot. They were approached by Bunky Combs whom they asked for drugs. Mr. Combs said he knew where they could get some and indicated a dark blue or black Trans Am parked in the same lot by a dumpster. Detective Staton gave $40.00 to Mr. Combs who walked about 40 to 50 feet to the Trans Am. The passenger in the Trans Am, later identified by Detective Staton and Ms. Wallace as Mr. Thomas, took the money and handed something to Mr. Combs. On Mr. Combs' immediate return, he gave Detective Staton four Tylox capsules and identified the passenger as "Little Bill".

At trial Mr. Thomas testified that he was not in the Princeton Pizza Inn parking lot on June 3, 1986 and his testimony was corroborated by a witness. In his closing argument, counsel for Mr. Thomas not only reviewed the alibi evidence but also carefully reviewed all the other evidence including the physical circumstances of the Princeton Pizza Inn parking lot.

After the case had been submitted to the jury and the jury had deliberated for 1½ hours, the jury passed a note to the trial judge asking: "Can the jury go to the Pizza Inn to see the lighting situation? And put someone in a car where the defendant was supposed to be to see if he can be identified?"

Counsel for Mr. Thomas objected to the jury view unless the entire request was approved.[1] The trial court allowed the jury to view the scene and had a police officer describe the physical changes made in the lot since June 3, 1986. No reenactment was allowed, even though defendant's counsel requested that someone sit in a car parked near the dumpster. About 25 minutes after the jury returned to its deliberations, the jury sent another question to the trial court concerning whether a particular light was lighted on June 3, 1986. No definite testimony was recalled about the particular light and jury was told the evidence was closed and to proceed with their deliberation.

About 15 minutes later, the jury returned a verdict of guilty of delivery of a schedule II controlled substance, to wit: Oxycodone, also known as Tylox in violation of *W.Va. Code,* 60A–4–401 [1983]. Mr. Thomas was sentenced to a term of one to fifteen years and a fine of $10,000.00. The sentence was stayed pending this appeal. On appeal, counsel for Mr. Thomas asserts that the trial court abused his discretion in allowing the jury view without both allowing him a subsequent argument to the jury and including partial reenactment.

Generally the introduction of further evidence after the case is closed and submitted to the jury is within the sound discretion of the trial court.

> "Whether a party shall be permitted to introduce further evidence after the case has been closed and submitted to the jury, and before the jury returns a verdict, is a matter of sound discretion of the trial court, and its exercise of the discretionary power will not be cause for reversal except in case of the abuse of this discretion, and it plainly appears that the person making the request has been injured by the refusal. Syl. pt. 4, *State v. Littleton,* 77 W.Va. 804, 88 S.E. 458 (1916)." Syllabus Point 4, *State v. San-*

---

1. Defendant's counsel had made and withdrawn a motion for a jury view prior to the close of evidence and submission to the jury.

*dler*, 175 W.Va. 572, 336 S.E.2d 535 (1985).

The practice is not to be encouraged or lightly pursued. Because of the need for utmost caution in exercising discretion in this circumstance, we have identified the following five factors to guide a trial court:

(1) Whether good cause is shown for reopening.

(2) Whether the new evidence is significant.

(3) Whether the evidence introduced at such a late stage would be given undue emphasis by the jury, prejudicing the party against whom it is offered.

(4) Whether the evidence is controversial in nature; and

(5) Whether the reopening is at the request of the jury or a party. (Citations and footnotes omitted.)

*Sandler, Id.*, 175 W.Va. at 575–576, 336 S.E.2d at 538–539.

■ Turning to the facts of this case, good cause was shown because the jury request indicated they questioned the lighting at the physical scene. In Syllabus Point 2, *State v. McCausland*, 82 W.Va. 525, 96 S.E. 938 (1918), we stated:

Where in the trial of any case it appears to the court that a view of the premises involved in the hearing would enable the jury to arrive at a better conclusion, or would better inform it as to actual conditions, it is proper for the court to allow such view.

*W.Va. Code*, 56-6-17 [1923] permits the jury to view the premises by providing as follows:

The jury may, in any case, at the request of either party be taken to view the premises or place in question ... when it shall appear to the court that such a view is necessary to a just decision ..., and in a felony case the judge and the clerk shall go with the jury and the judge shall control the proceedings, and the accused shall likewise be taken with the jury....

The view offered the jury additional significant evidence. *See McCausland, Id.*, 82 W.Va. at 529, 96 S.E. at 939. Although the evidence was controversial, the request was handled by the trial court in a way that the evidence would not give any undue emphasis to the jury. The jury viewed the scene and a police officer instructed the jury about the changes in the entrances and exits to the lot. The trial court did not undertake to locate any of the reported vehicle positions and refused the request of the defense to have someone sit in a car parked next to the dumpster.[2]

■ Counsel for Mr. Thomas argues he should have been given an opportunity to address the jury concerning the evidence seen at the view and maintains that the trial court's denial of his request made the view prejudicial.[3] The record indicates that Mr. Thomas' counsel had carefully examined prosecution witnesses concerning the scene. Both Detective Staton and Ms. Wallace were asked by Mr. Thomas' counsel to prepare a diagram of the scene. Full factual development took place before the jury. Although maintaining that Mr. Thomas was not physically present at the scene, closing statement by Mr. Thomas' counsel included an extensive review of the scene, including location of the cars, the dumpster, the lights and the shadows. We believe that the alleged denial by the trial court of additional opportunity in address the jury was not prejudicial to Mr. Thomas in view of the record.

■ Counsel for Mr. Thomas also argues that the jury should have seen a car with someone sitting in the passenger seat parked next to the dumpster. The record indicates the parking lot's dumpster may

---

**2.** Out of the jury's hearing, the trial court noted that the dumpster may have been moved.

**3.** The record indicates that Mr. Thomas' counsel did not formally make a motion for an additional opportunity to address the jury. The trial court told the jury at the view that, "Counsel [sic] are not going to get into any more statements or arguments or any thing of that nature in view of the fact that the case had already been submitted to you." After the statement, in spite of the trial court's question is there "anything else you all wanted to take up before we [leave]?", Mr. Thomas' counsel did not request an opportunity to address the jury. Mr. Thomas' counsel did renew his request to a partial reenactment.

have been moved and that there was conflicting testimony about the location of the cars. In Syllabus Point 4, *Daugherty v. Baltimore & O.R.R.*, 135 W.Va. 688, 64 S.E.2d 231 (1951), we stated:

"The allowance of a view by a jury is within the discretion of the trial court, and its refusal is not ground for reversal unless it is clearly manifest that a view was necessary to a just decision, and that the refusal operated to the injury of the party asking it." Point 4, Syllabus, *Compton v. County Court of Marshall County*, 83 W.Va. 745 [99 S.E. 85].

The record does not demonstrate any injury to Mr. Thomas because of the trial court's refusal to extend the view to include someone sitting in a parked car. We believe given the difficulty of physical accuracy, that the trial court's decision not to extend the view to include a reenactment was not an abuse of discretion. We, therefore, affirm the judgment of the Circuit Court of Mercer County.

AFFIRMED.