444

## CIRCUIT COURT OF CHESTERFIELD COUNTY

CTC

v.

Richard Crowder
and Joan Crowder

August 20, 1990

Case No. CL89-947

By JUDGE HERBERT C. GILL, JR.

On May 30, 1990, counsel presented argument with regard to petitioner's exceptions to the Commissioners' award of $5,824.00 for land acquired and $26,576.00 for damages to the residue. Petitioner excepts to:

1. Court's failure to exclude a certain videotape, purporting to depict the condition of the subject property, on relevancy and/or authentication grounds.

2. Court's exclusion of the listing agreement executed by respondent Richard Crowder for the sale of the residue of the subject property for purposes of either impeachment or presentment of substantive evidence.

3. Court's failure to strike the testimony of Ryland Hughes, appraiser, on the grounds that (i) his expert opinion inappropriately considered the change in access, (ii) improperly relied upon an estimate from I-P-K Excavating Co. and (iii) erroneously determined the damage prior to assessing the value of the residue of respondent's property.

Upon consideration of argument presented by counsel, the Court confirms the Commissioners' findings and, accordingly, overrules petitioner's exceptions. The Court finds

no error with prior evidentiary rulings as to the videotape, listing agreement, and Hughes's testimony.

In an eminent domain proceeding:

> [T]he report of the commissioners is entitled to great weight, is *prima facie* correct, and must be confirmed unless "good cause be shown against it." Where there is a conflict of evidence before the commissioners, neither the trial court nor this court can set aside the award unless it be shown that the commissioners proceeded upon erroneous principles, or unless the amount allowed is so grossly inadequate or excessive as to show prejudice or corruption on their part . . . . *Highway Commissioner v. Carter*, 216 Va. 639 (1976); citing *Kornegay v. City of Richmond*, 185 Va. 1013 (1947).

Pursuant to § 25-46.21 of the Virginia Code, "If the Court be satisfied that no such fraud, collusion, corruption, or improper conduct entered into the report of the commissioners, or no other cause exists which would justify setting aside or modifying a jury verdict in civil actions, the report shall be confirmed." A trial court may set aside the verdict, "upon the ground that [the verdict] is contrary to the evidence, or without evidence to support." Va. Code Ann. § 8.01-430 (1984). Further, "[T]o authorize the granting of a new trial, not only must the evidence have been relevant, but it must have been of such a nature that its rejection may have prejudiced the party offering it." 58 Am. Jur. 2d, *New Trial*, § 120 (1971). The exclusion of evidence or consideration of inadmissible evidence must so prejudice defendant's position as to undermine the credibility of the verdict. *Sampson v. Sampson*, 221 Va. 896 (1981). See also *C. & O. Ry. Co. v. Nickel*, 157 Va. 382 (1931).

### Videotape Admissible

The Commissioners must determine, "the value of the property to be taken and the damages, if any, to such other property, by reason of such taking and use by the petitioner." Va. Code Ann., § 25-46.21 (1985 Replacement

Volume). Relevant to the determination of damages to the residue is the extent of the take and alterations to the residue. Such considerations necessarily contribute to the market valuation of the residue before and after the take. Hence, the Commissioners' consideration of videotape material depicting the extent of the take and alterations, as admissible evidence, is not a basis for setting aside their findings or granting a new trial.

### Listing Agreement Inadmissible

The listing agreement was neither admissible as substantive evidence of the after take value of the residue nor admissible as impeachment of Mr. Crowder's testimony. Respondent appropriately notes that market value is defined as the amount for which one is willing to buy and another is willing to sell. See *Tremblay v. Highway Commissioner*, 212 Va. 166 (1971). Mr. Crowder's offer by said agreement does not indicate market value. Hence, such an offer is neither relevant to a determination of market value nor inconsistent with the testimony of valuation. The agreement merely establishes an offer.

### Hughes's Testimony

Mr. Hughes's consideration of certain expenses in adjusting the property to changed conditions does not undermine the commissioners' award. Consideration of such expenses is proper. *Dressler v.. City of Covington*, 208 Va. 520 (1968).